*586
 
 By the Court
 

 (Kinkade, J.).
 

 This case presents a single issue of law. There is no dispute about the facts which briefly stated are as follows:
 

 Two young men and one young lady were driving in a two-seated automobile coach. One of the men, Charles Williams, the plaintiff in error, was driving the ear. The young lady occupied the front seat with the driver, and the other man, one Stanley Smith, sat in the rear seat. When they started on the drive both men knew there was but a small quantity of gasoline in the gas tank of the car. Smith directed Williams to drive to a certain designated gasoline filling station, where they would fill the tank. When they reached the filling station, Williams stopped the car at the gasoline pump, but did not shut off the motor of the car. Williams asked the man attending the station, one Richards, to put eight gallons of gasolihe in the tank of the car. Richards requested that the motor of the car should be shut off, as it was against the rules to fill car tanks with the motor running. Williams explained that they had encountered difficulty in starting the car, and that he feared a recurrence of like trouble if he shut off the motor, and asked Richards to fill the tank without having the motor stopped, and Richards consented to do so. Richards then removed the filling cap of the tank, and put in eight gallons of gasoline, replaced the tank cap, and then walked to the front end of the car to collect the charge, $1.28, from Williams, the driver. Williams then asked Smith if he (Smith) was not going to pay for the gasoline, and Smith replied that he could not pay, as he had no money. When this statement was made by Smith, Williams at once started to
 
 *587
 
 drive the car away from the station, whereupon Richards jumped upon the running-board at a point near the front seat. As the car was increasing its speed, the young woman in the front seat attempted to push Richards off of the running-board. Smith joined in this effort to dislodge Richards, who was finally pushed from the running-board and fell to the ground, sustaining some injuries. -The car did not stop or return, and no one paid or offered to pay for the gasoline.
 

 Both men were later arrested and charged with robbery, by reason of the facts above stated. Neither of the accused testified at the trial. The state called a witness who testified to admissions made to him by the accused after their arrest, from which testimony the jury might have found that both of the accused knew when they stopped at the filling station that neither of them had any money with which to pay for the gasoline asked for, and the jury might have found from the same evidence offered by the state that it was the intention of the accused to procure the gasoline without paying for it. The jury found both of the accused guilty as charged: Each was sentenced to prison for the term of ten years.
 

 Section 12432, General Code, is as follows': “Whoever, by force or violence, or by putting in fear, steals and takes from the person of another anything of value is guilty of robbery, and shall be imprisoned in the penitentiary not les-s than ten years nor more than twenty-five years.”
 

 It will be seen that to- constitute robbery, there must be force or violence, or putting in fear. There is no evidence in this case tending to show that the
 
 *588
 
 gasoline was procured by force or violence, or by putting the filling station attendant in fear.
 

 This case is very easily distinguished from the case to which our attention has been called, involving a struggle between the owner of a jewelry store and a thief in the store, who had grabbed a tray of rings and was endeavoring to run out of the store with it, and the jeweler was endeavoring to get the tray away from the thief.
 

 In this case the delivery by the owner was voluntary and complete in every detail, even to replacing the cap of the gasoline tank. The station attendant was not trying to get the gasoline back by jumping upon the running-board of the car, but was seeking to collect the charge of $1.28, which he might have exacted in advance, or at least by withholding the tank cap until payment was made or secured. Manifestly it was not practicable to retake the gasoline out of the tank of the car.
 

 Every essential of robbery is lacking in this case. The judgments of the trial and appellate courts must be reversed.
 
 Hanson
 
 v.
 
 State,
 
 43 Ohio St., 376, 1 N. E., 136, approved and followed.
 

 Judgment reversed.
 

 Jones, Matthias, Day and Allen, JJ., concur.
 

 Stephenson, J., not participating.