No. 46,011

STATE OF KANSAS, *Appellee*, v. BERT ROBERT HILL, *Appellant*.

(486 P. 2d 1398)

Opinion filed July 16, 1971.

*Morris D. Hildreth,* of Coffeyville, argued the cause and was on the brief for the appellant.

*Glenna Kathleen Kelly,* legal intern, argued the cause, and *Vern Miller,* Attorney General, and *Richard A. Medley,* County Attorney, were with her on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The defendant, Bert Robert Hill, was convicted of burglarizing the Miller-Ewing Implement Company in Coffeyville, Kansas, and stealing two used chain saws. He was sentenced to terms of five to ten years for second-degree burglary and one to five years for larceny, the terms to run concurrently. The present appeal followed.

Two principal points are raised in the defendant's brief. The first relates to the trial court permitting the state to endorse the names of witnesses on the information and refusing to grant a continuance.

The question arises in this way: The trial commenced on Monday. On the preceding Saturday, about 1:30 p. m. the prosecuting attorney advised defense counsel that he planned to ask leave to endorse the names of two additional witnesses on the information. One of the witnesses, Wendell Williams, was a photographer who had taken some pictures shortly after the burglary was discovered, while the other, William W. Tucker, was a laboratory technician with the K. B. I. who had examined a plaster cast of a footprint found at the scene and compared it with a shoe worn by defendant when he was arrested.

Defense counsel had no opportunity to interview either of these gentlemen over the intervening weekend, since Mr. Williams was ill and Mr. Tucker remained in Topeka. Accordingly, when Monday morning dawned and the state filed its motion to endorse their names on the information, the defendant voiced an objection. His objection was overruled. He thereupon moved for a continuance to enable counsel to interview the two prospective witnesses. A continuance was denied—and this is assigned as error.

We have frequently held that permission to endorse the names of additional witnesses upon an information is a matter which lies within the judicial discretion of the trial court. (See 2 Hatcher's Kansas Digest [Rev. Ed.] Criminal Law, § 77.) Likewise, we have consistently said that the granting or refusal of a continuance in a criminal action lies largely within the trial court's sound discretion, and that its ruling therein will not be disturbed on appeal absent an affirmative showing of abuse resulting in prejudice to the substantial rights of the defendant. (*State v. Dickson*, 198 Kan. 219, 424 P. 2d 274.)

Circumstances similar to those which are presently before the court were considered in *State v. Mullins*, 95 Kan. 280, 147 Pac. 828, and it was held:

"Rule followed that a continuance is not ordinarily demandable as a matter of right because the names of witnesses are endorsed on the information at the commencement of a trial." (Syl. ¶ 5.)

See, also, *State v. Jones*, 2 K. A. 1, 42 Pac. 392; *State v. Bisagno*, 121 Kan. 186, 246 Pac. 1001; *State v. Hanks*, 179 Kan. 145, 292 P. 2d 1096.

No clear showing of prejudice has been made to appear in this case. Apparently the defendant's counsel felt there was no need to interview the photographer prior to the time he testified, for the record reveals no request for that purpose. Moreover, Mr. Williams'

testimony was confined merely to the formal identification of pictures he had taken at the scene of the crime, and he was capably cross-examined on that score.

As to the K. B. I. agent, Mr. Tucker, the situation is somewhat different. At the time he was called to the witness stand, defense counsel requested a chance to confer with him privately. This request was granted and while the record is silent as to the length of counsel's interview with the witness, we were advised at the time of oral argument that the court imposed no time limitation thereon. We are persuaded, after having read the record, that defendant's counsel conducted such a skillful and vigorous cross-examination of Mr. Tucker that no prejudice can be said to have flowed from the late endorsement of the latter's name.

The defendant calls attention to K. S. A. 62-802 (now K. S. A. 1970 Supp. 22-3201[6]) providing that the prosecuting attorney shall endorse on the information the names of all witnesses known to him at the time of filing, and he infers the state knew all along that both Tucker and Williams would be used as witnesses. The statute serves a proper purpose and its provisions should be observed by a prosecutor in all good conscience. However, we are not prepared to say that judicial discretion was abused to the point of prejudice in this case in permitting the endorsements and in refusing a continuance.

A second ground of error is predicated on the trial court's failure to instruct the jury on attempted larceny. In ruling on the defendant's request for such an instruction, the court stated that in its opinion the offense of larceny was in fact completed and, if the defendant was guilty, he was guilty of larceny.

We believe the court was correct in its appraisal of the evidence. The second-hand chain saws were in the implement company's place of business when it was closed and locked on Saturday night (which, apparently, was August 30). Early on the morning of September 2 (the morning after Labor Day) the building was found to have been broken into and the used saws were discovered outside the building but on the company's lot. At about the same time two new chain saws missing from the same store were discovered on premises across the street, which were leased by the implement company. A chain of circumstances linked defendant to the removal of the saws from the building and justified an inference that he had been prevented from loading the purloined prop-

erty into the car of his companion because of the latter's untimely detection and arrest.

This evidence, in our opinion, satisfies the element of asportation. The pertinent rule in this regard is stated in 50 Am. Jur. 2d, Larceny, § 19, p. 170:

"Asportation sufficient to support a larceny charge does not require that the goods be removed from the owner's premises. To remove them with the requisite felonious intent from one part of the premises to another, or from the spot or house where they were found, or even from one place to another in the same room, is a sufficient asportation. . . ."

A third point, briefly mentioned by the defendant, has not been overlooked. It arises over a misunderstanding between counsel, and does not approach reversible error.

We conclude that the judgment of the court must be affirmed, and it is so ordered.