(667 P.2d 890)
No. 54,158

STATE OF KANSAS, *Appellee*, v. JAMES L. LONG, *Appellant*.

Opinion filed August 11, 1983.

*Ray L. Connell* of Connell & Connell, of El Dorado, for appellant.

*Morgan Metcalf*, assistant county attorney, *William P. Ronan*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before REES, P.J., SPENCER and SWINEHART, JJ.

REES, J.: A jury convicted defendant of robbery (K.S.A. 21-3426). He appeals. His arguments are that the evidence was insufficient and the trial judge erroneously failed to instruct on theft as a lesser included offense.

We accept the State's version of the facts established by the evidence. It is that Margo Wolf and her husband reside in rural Butler County, Kansas, and operate a dairy farm there. As a part of that business they maintain a small sale building in which they stock and refrigerate gallon bottles of milk. This building is open to the public. The Wolfs employ an "honor system" in their business operation at the sale building. It includes the open display of refrigerated milk and a locked, slotted money box mounted on a wall. Customers may enter the sale building, obtain milk and deposit payment in the locked box, thereby eliminating the need for the Wolfs to be present at all times. On the evening of February 17, 1981, Mrs. Wolf was in an adjacent milk barn filling gallon milk bottles in order to replenish the sale building's supply which the day's business had reduced to two bottles. While there, she observed a car drive up to the sale building. Seeing this, she went to the sale building to inform the customer that in a few minutes she would have more milk available. As she opened the door to the sale building, she observed the defendant crouched in front of the money box. It had been pried open. The defendant had his hands in his pockets. Mrs. Wolf saw a dollar bill lying on the floor beneath the

forced money box. She positioned herself in the doorway so as to prevent the defendant from leaving the building. She twice asked the defendant what he was doing, to which he made no response. Instead, the defendant walked toward her, shoved her arm out of the way, forcing himself by her, and proceeded to drive away in his car. Mrs. Wolf noted down defendant's license tag number. The money box had approximately $40 to $45 in currency in it prior to Mrs. Wolf's observation of defendant crouched near the box. Immediately after the incident there was nothing in the box except some small change. The defendant admitted that he "brushed by" Mrs. Wolf as he exited the sale building.

K.S.A. 21-3426 defines robbery as "the taking of property from the person or presence of another by threat of bodily harm to his person or the person of another or by force."

Defendant's first argument to us is that the evidence fails to support the conclusion that defendant "did unlawfully . . . take . . . cash from the presence of Margo Wolf by force" as the State charged in its information. The question raised is not whether there was the use of force. That is assumed. The question is whether there was a taking by force. We conclude that upon the authority of *State v. Aldershof*, 220 Kan. 798, 556 P.2d 371 (1976); *State v. Buggs*, 219 Kan. 203, 547 P.2d 720 (1976); and *State v. Miller*, 53 Kan. 324, 36 Pac. 751 (1894), there was not.

Commission of the crime of robbery is complete when the robber takes possession of the property. In *State v. Buggs*, 219 Kan. at 204-205, the victim was the operator of a Dairy Queen store. As she was leaving the store at the close of business one evening, with the day's business receipts in a bank money bag in her purse, she was accosted. Under threat of bodily harm she was ordered back into the store where she was asked for "the money." She handed over her purse. Police officers arrived in response to a silent alarm. They confronted and apprehended defendant before he had left the store premises. On appeal, defendant claimed he was erroneously denied an instruction on attempted robbery as a lesser included offense of robbery. The Supreme Court reasoned that attempted robbery occurs only when the proscribed taking is not accomplished. It held at 206:

"Here all the evidence is that the bank money bag was 'taken' from [the

victim] . . . and later removed . . . to the restroom. . . . The robbery was complete when [the victim] handed over the bag . . ..."

In *State v. Miller*, 53 Kan. 324, where a robbery conviction was sustained, the defendant cut the victim's hand contemporaneously with his taking of money from a cash drawer. The physical taking and removal of the money had not been completed; the defendant had not completed the act of obtaining possession of the money until after force was used.

From *State v. Aldershof*, 220 Kan. 798, we glean the governing principles. Robbery is not committed where possession is obtained without the use of force. Neither is there a robbery where there is no use of force except to resist arrest or escape. To constitute the crime of robbery, it is necessary that the use of force precede or be contemporaneous with the act of obtaining physical possession of the property. The line of cases represented by *People v. Kennedy*, 10 Ill. App. 3d 519, 294 N.E.2d 788 (1973), is not in accord with the position taken by Kansas authority and it is distinguished in *Aldershof*.

In the case before us, we assume, for the purpose of our decision, defendant took money from the money box and his shoving of Mrs. Wolf out of his way when exiting the sale building constituted the use of force. However, the evidence wholly fails to support a conclusion that defendant's use of force preceded or was contemporaneous to defendant's acquisition of possession of money from the money box. The "taking," if it occurred, was accomplished and completed before Mrs. Wolf observed defendant. It neither was preceded by nor occurred contemporaneously with defendant's use of force. Defendant's conviction for robbery must be reversed.

This case should be remanded for a new trial on a charge of theft (K.S.A. 21-3701) only if theft is a lesser included offense when robbery, as defined by K.S.A. 21-3426, is charged. K.S.A. 21-3108(1)(a); *In re Berkowitz*, 3 Kan. App. 2d 726, 746-747, 602 P.2d 99 (1979). Is it? We conclude it is not.

Our Supreme Court has adamantly stated that in instances other than where there is involved a lesser degree of the crime charged, or an attempt to commit the crime charged or to commit a lesser degree of the crime charged, a lesser included offense is an:

"offense which is necessarily committed by the defendant in perpetrating the

crime charged . . . . [I]t is impossible to commit the greater offense without first having committed the lesser offense. The [lesser included] offense must not require some additional element which is not needed to constitute the greater offense. In other words, there must be 'identity of elements.' [Citation omitted.]

"Our court has consistently construed [K.S.A. 21-3107(2)(*d*)] to mean a lesser included offense must not require proof of *any* element not necessary in the greater crime charged. . . .

. . . .

"[U]nder present Kansas law . . . all elements necessary to prove the lesser offense must be present and be required to establish the elements of the greater offense charged. This necessarily excludes the factually related lesser offense." *State v. Arnold,* 223 Kan. 715, 716-717, 576 P.2d 651 (1978).

Also see, for example, *State v. Coberly,* 233 Kan. 100, 107, 661 P.2d 383 (1983), and *State v. Clanton,* 219 Kan. 531, 535, 548 P.2d 768 (1976)..

Intent to permanently deprive is not an element of robbery. *State v. Poulos & Perez,* 230 Kan. 512, 515, 639 P.2d 477 (1982); *State v. Thompson,* 221 Kan. 165, 174-175, 558 P.2d 1079 (1976); K.S.A. 21-3426. Intent to permanently deprive is an element of theft. K.S.A. 21-3701.

We conclude theft is not a lesser included offense of robbery. Compare *State v. Colbert,* 221 Kan. 203, 207, 557 P.2d 1235 (1976); *State v. Aldershof,* 220 Kan. at 800, 804; *Morrow v. State,* 219 Kan. 442, 443, 444-45, 548 P.2d 727 (1976); *State v. Russell,* 217 Kan. 481, 484, 536 P.2d 1392 (1975); *State v. Antwine,* 4 Kan. App. 2d 389, 398-99, 607 P.2d 519 (1980). To the extent these cases may be read as case authority holding theft is a lesser included offense of robbery, we view their precedential weight as extremely questionable. Examination of them leads us to conclude they have as their foundation *State v. Segermond,* 40 Kan. 107, 108, 19 Pac. 370 (1888), and *Guffey v. Casualty Co.,* 109 Kan. 61, 64-65, 197 Pac. 1098 (1921). See *State v. Russell,* 217 Kan. at 484. *Segermond* and *Guffey* predate the 1969 enactment of K.S.A. 21-3426; a common law definition of robbery was addressed in *Segermond,* 40 Kan. at 108; and in *Guffey* a different statutory definition and a common law definition of larceny were addressed, 109 Kan. at 64-65.

Reversed and remanded with instructions that the defendant be discharged.