No. 54,158

STATE OF KANSAS, *Appellee*, v. JAMES L. LONG, *Appellant*.

(675 P.2d 832)

Opinion filed January 13, 1984.

*Ray L. Connell,* of Connell & Connell, of El Dorado, argued the cause and was on the brief for the appellant.

*Morgan Metcalf,* deputy county attorney, and *Robert T. Stephan,* attorney general, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This case is before the court on a Petition for Review of the decision of the Court of Appeals found at 8 Kan. App. 2d 733, 667 P.2d 890 (1983). James L. Long (defendant-appellant) appealed from a jury verdict finding him guilty of robbery (K.S.A. 21-3426). The Court of Appeals reversed and ordered that the appellant be discharged, holding the force used by the appellant in leaving the premises where the alleged robbery

took place was not sufficient to constitute a taking by force as required by K.S.A. 21-3426 to support a conviction for robbery, and theft (K.S.A. 21-3701) is not a lesser included offense of robbery. The State's Petition for Review was granted by this court.

The facts established by the evidence were summarized in the Court of Appeals opinion as follows:

"Margo Wolf and her husband reside in rural Butler County, Kansas, and operate a dairy farm there. As a part of that business they maintain a small sale building in which they stock and refrigerate gallon bottles of milk. This building is open to the public. The Wolfs employ an 'honor system' in their business operation at the sale building. It includes the open display of refrigerated milk and a locked, slotted money box mounted on a wall. Customers may enter the sale building, obtain milk and deposit payment in the locked box, thereby eliminating the need for the Wolfs to be present at all times. On the evening of February 17, 1981, Mrs. Wolf was in an adjacent milk barn filling gallon milk bottles in order to replenish the sale building's supply which the day's business had reduced to two bottles. While there, she observed a car drive up to the sale building. Seeing this, she went to the sale building to inform the customer that in a few minutes she would have more milk available. As she opened the door to the sale building, she observed the defendant crouched in front of the money box. It had been pried open. The defendant had his hands in his pockets. Mrs. Wolf saw a dollar bill lying on the floor beneath the forced money box. She positioned herself in the doorway so as to prevent the defendant from leaving the building. She twice asked the defendant what he was doing, to which he made no response. Instead, the defendant walked toward her, shoved her arm out of the way, forcing himself by her, and proceeded to drive away in his car. Mrs. Wolf noted down defendant's license tag number. The money box had approximately $40 to $45 in currency in it prior to Mrs. Wolf's observation of defendant crouched near the box. Immediately after the incident there was nothing in the box except some small change. The defendant admitted that he 'brushed by' Mrs. Wolf as he exited the sale building." 8 Kan. App. at 733-34.

In addition to the above facts, evidence was presented that shortly before the appellant's arrival at the dairy Mrs. Wolf went into the sale building to check on the supply of milk. Apparently there was nothing unusual about the condition of the money box at that time. As the supply of milk was getting low, Mrs. Wolf went to another part of the dairy to obtain more. While there she observed a customer who was carrying a baby enter the sale building and leave in a very short length of time with a gallon of milk. When the appellant arrived Mrs. Wolf went to the sale building to inform him more milk would be available, at which time she observed him in front of the pried-open money box.

The appellant testified he went to the dairy to purchase milk as

he had done on several previous occasions. When he entered the sale building he saw the money box had been pried open. He was just looking at it when Mrs. Wolf came in and became outraged. Panicking, he ducked under her arm held across the doorway and fled in his car. He denied taking any money from the dairy.

The appellant raised two points on appeal. He first argued the force used against Mrs. Wolf occurred after the taking to effect his escape and therefore was not sufficient to constitute a taking by force as required by K.S.A. 21-3426. Relying upon *State v. Aldershof,* 220 Kan. 798, 556 P.2d 371 (1976); *State v. Buggs,* 219 Kan. 203, 547 P.2d 720 (1976); and *State v. Miller,* 53 Kan. 324, 36 Pac. 75 (1894), the Court of Appeals concluded there was not a taking by force as required to support the appellant's conviction for robbery, reasoning:

"In the case before us, we assume, for the purpose of our decision, defendant took money from the money box and his shoving of Mrs. Wolf out of his way when exiting the sale building constituted the use of force. However, the evidence wholly fails to support a conclusion that defendant's use of force preceded or was contemporaneous to defendant's acquisition of possession of money from the money box. The 'taking,' if it occurred, was accomplished and completed before Mrs. Wolf observed defendant. It neither was preceded by nor occurred contemporaneously with defendant's use of force. Defendant's conviction for robbery must be reversed." 8 Kan. App. 2d at 735.

A complete review of the cases relied upon by the Court of Appeals and other authorities addressing this issue is warranted in order to properly determine this issue.

The crime of robbery is defined in K.S.A. 21-3426, which provides:

"Robbery is the taking of property from the person or presence of another by threat of bodily harm to his person or the person of another or by force."

To establish the charge of robbery the State must prove there was a *taking* of the property from the person or presence of the victim and that *such taking* was either by threat of bodily harm or by force. *State v. Aldershof,* 220 Kan. at 800. In *Aldershof,* 220 Kan. at 803, this court held:

"[T]o constitute the crime of robbery by forcibly taking money from the person of its owner, it is necessary that the violence to the owner must either precede or be contemporaneous with the taking of the property and robbery is not committed where the thief has gained peaceable possession of the property and uses no violence except to resist arrest or to effect his escape. We believe that the test

should be whether or not the taking of the property has been completed at the time the force or threat is used by the defendant."

This position is in accord with the general rule followed in most jurisdictions. See Annot., 58 A.L.R. 656; Annot., 93 A.L.R.3d 643; 2 Wharton's Criminal Law and Procedure § 559 (1957).

The question then is whether the taking of the money from the money box was completed prior to the appellant's exit from the sale building. No established set of guidelines exists which can be readily applied for a quick and easy answer to this question. The court in *Aldershof* stated "[t]his must of necessity be determined from the factual circumstances presented in the particular case before the court." 220 Kan. at 803. The decisions of some states holding the force used was or was not prior to or contemporaneous with the taking are conflicting, however, because of uncertainty as to when the taking is completed. See Annot., 58 A.L.R. 656 § 3; 2 Wharton's Criminal Law and Procedure § 559, p. 265; 67 Am. Jur. 2d, Robbery § 26.

Prior Kansas cases are not in accord with one another and as such do not provide much assistance in determining when a taking is completed. Some of these cases imply a taking is not complete until the property has been removed from the premises of the owner, whereas others indicate the taking is accomplished at the moment the thief, with the intent to steal, removes the property from its customary location.

In *Aldershof* the defendant snatched two purses from a table in a tavern during a power failure. One of the victims pursued the defendant into the tavern parking lot where the defendant struck her. We held the defendant was a sneak thief and could not be guilty of robbery because "the taking of the property had been completed when the thief snatched the purses *and left the premises of the tavern.*" (Emphasis added.) Any violence used thereafter by the thief in an attempt to prevent the owner from regaining possession of the property could not convert the theft into a robbery. 220 Kan. at 803-04. However, in *State v. Buggs,* 219 Kan. at 206, this court rejected the defendant's claim that the taking of the property had not been accomplished because the defendants were apprehended before leaving the owner's premises. As the victim was leaving her place of business at the close of the day, she was ordered back into the store by two "armed" men, where she handed over her purse containing the

day's business receipts. The defendant and his accomplice were apprehended by police responding to a silent alarm before they left the store. We held:

"The completed crime of robbery is thus the 'taking' of property from the person by the proscribed means; and 'attempt' to commit robbery occurs only when the taking is not accomplished. Here all the evidence is that the bank money bag was 'taken' from Mrs. Penner by Perry, and later removed by him to the restroom. There is no evidence to the contrary. *The robbery was complete when Mrs. Penner handed over the bag,* and there was no call for an instruction on an attempt." (Emphasis added.) 219 Kan. at 206.

Other cases have similarly held the taking was complete prior to the time the defendant left the owner's premises. In *State v. Knowles,* 209 Kan. 676, 678, 498 P.2d 40 (1972), it was noted by the court in dictum that the defendant had exerted sufficient control over the property to have been charged and convicted of the completed crime of theft where the defendant took a gun from a gun counter in a store and hid it in the pocket of his coat with the intent to steal it, but was apprehended by a sales clerk before leaving the store. It was held the crime of larceny had been completed in *State v. Hill,* 207 Kan. 714, 716-17, 486 P.2d 1398 (1971), where chain saws removed from the victim's place of business were found outside the building on the store's premises and on the premises across the street, but had been prevented from being hauled away by the defendant because of the arrest of his accomplice. The defendant's claim that an instruction on attempted larceny should have been given was rejected in *State v. Crowe,* 196 Kan. 622, 625, 414 P.2d 50 (1966), where the defendant was caught in the act of stealing television sets from the victim's warehouse. The defendant had succeeded in placing one television set in his car when his efforts were interrupted. The court stated:

"The fact that defendant's possession of the property was brief or that he had not completely removed it from the owner's premises prior to detection does not militate against the integrity of the offense." 196 Kan. at 625.

See also *State v. Hall,* 111 Kan. 458, Syl. ¶ 1, 207 Pac. 773 (1922).

On the other hand, a robbery conviction was sustained in *State v. Miller,* 53 Kan. at 327, based upon the court's finding the taking had not been completed when force was used against the victim. The victim had caught the defendant's hand as the defendant grabbed a fistful of money from the victim's money

drawer. The defendant then cut the victim's hand with a knife in order to get away. The court determined the defendant had not obtained complete possession of the money before using violence on the victim. The court aptly remarked:

"Nice questions may and do arise as to just when the possession of the owner of articles not attached to his person, but under his immediate charge and control, is divested, and it may well be doubted whether a thief can be said to have taken peaceable possession of money or other thing of value in the presence of the owner, *when the taking is instantly resisted by the owner, before the thief is able to remove it from his premises or from his immediate presence.*" (Emphasis added.) 53 Kan. at 328.

This language was reiterated in *State v. Aldershof*, 220 Kan. at 802.

As these cases demonstrate, inherent difficulties exist in determining when possession attaches to constitute a completed taking for a robbery conviction under K.S.A. 21-3426. Commission of the crime of robbery is complete when the robber takes possession of the property, as the element of asportation is no longer required to complete the crimes of theft or robbery. See, *e.g., State v. Knowles*, 209 Kan. at 678; *State v. Aldershof*, 220 Kan. at 804. The defendant takes possession of the property of another when he exercises dominion and control over the property. 4 Wharton's Criminal Law § 472 (14th ed. 1981). Earlier cases have recognized the term "possession," as it relates to theft or possession of stolen property, imports more than an innocent handling of property; the term denotes control, or the right to exercise control and dominion, over the property. *State v. Knowles*, 209 Kan. at 678; *State v. Brown*, 203 Kan. 884, 885-86, 457 P.2d 130 (1969). See also *State v. Porter*, 201 Kan. 778, 781, 443 P.2d 360 (1968), *cert. denied* 393 U.S. 1108 (1969); *State v. Phinis*, 199 Kan. 472, 430 P.2d 251 (1967). 52A C.J.S., Larceny § 6, states:

"[I]n order to constitute a taking the prospective thief must have obtained at some particular moment the complete, independent, and absolute possession and control of the thing desired adverse to the rights of the owner therein . . . .

. . . .

"If the possession of the would-be taker is imperfect in any degree, or if his control of the thing desired is qualified by any circumstance, however slight, the taking is incomplete and the act is only an attempt."

Did the appellant in the instant case obtain and exercise

complete control and dominion over the money removed from the Wolfs' money box prior to the time the appellant was confronted by Mrs. Wolf and used force to flee from the sale building? Under the factual circumstances presented in this case we conclude he did not. Construed in the light most favorable to the prosecution, the facts presented at trial show Mrs. Wolf entered the sale building directly after the appellant had removed the money from the money box and at the precise moment he stuffed the money into his pockets. A dollar bill which had apparently fallen from the appellant's grasp lay below the money box at the appellant's feet. Mrs. Wolf immediately barred the door to prevent the appellant from leaving and demanded to know what he was doing. In this posture, this case differs from *State v. Miller* only in the fact that here the appellant managed to place most of the money in his pocket before being confronted by the victim, whereas in *Miller* the defendant was stopped by the victim after he had grabbed the money from the drawer, but before he could secrete it on his person. Such a slight variance in the factual circumstances of these cases does not warrant a different result in the two cases.

In *Miller* the court expressed doubt as to whether a thief could obtain peaceable possession of money or other property where the taking is instantly resisted by the owner, before the thief is able to remove it from the premises or the owner's immediate presence. The court in *Aldershof* emphasized the taking was complete when the thief left the premises of the tavern with the purse under his control. Based upon these cases and authorities cited we conclude a thief does not obtain the complete, independent and absolute possession and control of money or property adverse to the rights of the owner where the taking is immediately resisted by the owner before the thief can remove it from the premises or from the owner's presence. Accordingly, in the instant case the appellant did not obtain actual possession of the money and the taking was not completed until the appellant by force overcame Mrs. Wolf's efforts to stop him from making his exit from the sales room. The result reached in *State v. Buggs*, 219 Kan. at 206, is readily distinguishable. There the defendant forcibly removed the victim's purse from her immediate presence and exerted complete and absolute dominion and control over the purse. The taking was therefore complete, as the

victim's possession of the purse and its contents was severed by the defendant's actual possession and control, although such control lasted only a short period of time before the defendant and his accomplice were apprehended by police. The issue there was whether the trial court should have instructed on attempted robbery.

The appellant contended the trial court erred in failing to instruct on the "lesser included" offense of theft. It is well established that K.S.A. 21-3107(3) requires the trial court to instruct on a lesser included offense when there is evidence introduced to support a conviction of the lesser offense. This duty arises, however, only when there is evidence upon which the accused might reasonably be convicted of the lesser offense. See, *e.g., State v. Hutton,* 232 Kan. 545, 552, 657 P.2d 567 (1983), and cases cited therein; *State v. Sullivan & Sullivan,* 224 Kan. 110, 120, 578 P.2d 1108 (1978). The Court of Appeals did not address the instruction issue, but held the appellant could not be tried on a charge of theft upon remand of this case because theft is not a lesser included offense of robbery.

The doctrine of lesser included offenses in this state has been codified in K.S.A. 21-3107, which provides in part:

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following: (a) A lesser degree of the same crime;

"(b) An attempt to commit the crime charged;

"(c) An attempt to commit a lesser degree of the crime charged; or

"(d) A crime necessarily proved if the crime charged were proved."

This court has repeatedly stated an offense is considered a *lesser included offense* under 21-3107(2)(*d*) when all elements necessary to prove the lesser offense are present and required to establish the elements of the greater offense charged. See, *e.g., State v. Mourning,* 233 Kan. 678, 680, 664 P.2d 857 (1983); *State v. Coberly,* 233 Kan. 100, Syl. ¶ 3, 661 P.2d 383 (1983); *State v. Warwick,* 232 Kan. 232, 235, 654 P.2d 403 (1982); *State v. Arnold,* 223 Kan. 715, 716, 576 P.2d 651 (1978). If the lesser offense requires proof of an element not necessary in the greater, it is not a lesser included offense and the court should not give an instruction on the lesser offense. *State v. Warwick,* 232 Kan. at 235; *State v. Daniels,* 223 Kan. 266, 270, 573 P.2d 607 (1977).

This test has been strictly applied by this court. See, *e.g., State v. Mourning,* 233 Kan. 678 (reckless driving not a lesser included

offense of driving under the influence of alcohol or drugs); *State v. Warwick,* 232 Kan. at 235 (aggravated battery and battery not lesser included offenses of aggravated robbery or robbery); *State v. Gregg,* 226 Kan. 481, 602 P.2d 85 (1979) (lewd and lascivious behavior not a lesser included offense of aggravated sodomy or indecent liberties with a child); *State v. Newell,* 226 Kan. 295, 597 P.2d 1104 (1979) (possession of heroin not a lesser included offense of possession of heroin with intent to sell); *State v. Arnold,* 223 Kan. 715 (battery not a lesser included offense of attempted rape); *State v. Daniels,* 223 Kan. 266 (aggravated battery not a lesser included offense of attempted murder); *State v. Bailey,* 223 Kan. 178, 573 P.2d 590 (1977) (aggravated assault not a lesser included offense of aggravated battery); *State v. Hoskins,* 222 Kan. 436, 565 P.2d 608 (1977) (carrying a concealed weapon and an aggravated weapons violation are not lesser included offenses of unlawful possession of a firearm); and *State v. Schriner,* 215 Kan. 86, 523 P.2d 703 (1974) (assault not a lesser included offense of kidnapping). In *State v. Burnett,* 4 Kan. App. 2d 412, 418, 607 P.2d 88 (1980), the Court of Appeals held unlawful deprivation of property (K.S.A. 21-3705) is not a lesser included offense of theft because the intent to temporarily deprive the owner of property required to prove the former offense is a distinct element from an intent to permanently deprive as required to prove theft.

The crime of theft is covered in K.S.A. 21-3701. Section *(a)* of this statute states in substance that theft is the obtaining or exerting of unauthorized control over property with intent to deprive the owner permanently of the possession, use or benefit of his property. Intent to permanently deprive is an element of theft under this statute. However, under our present robbery statute intent to permanently deprive is not an element of robbery. All that is required is an intentional taking of property from the person or presence of another by force or threat of bodily harm. See *State v. Thompson,* 221 Kan. 165, 174, 558 P.2d 1079 (1976); *State v. Poulos & Perez,* 230 Kan. 512, 515, 639 P.2d 477 (1982); *State v. Antwine,* 4 Kan. App. 2d 389, 398, 607 P.2d 519 (1980).

It is clear that robbery and theft contain separate and distinct elements and therefore theft cannot accurately be termed a "lesser included" offense of robbery under the test stated by this

court. Theft is a specific intent crime; robbery is not. However, theft, or larceny as it was formerly termed, did constitute a lesser included offense of robbery as defined under our former robbery statutes. The intent to permanently deprive was required to prove both offenses. In *Guffey v. Casualty Co.*, 109 Kan. 61, Syl. ¶ 2, 197 Pac. 1098 (1921), it was held robbery as it was formerly defined, embraces the elements of larceny:

"Robbery includes larceny and may be deemed forcible larceny, and in order to constitute it there must be an intent to deprive the owner of the property taken, not temporarily, but permanently."

In *State v. Thompson*, 221 Kan. at 174-75, it was recognized that our present criminal code broadened the statutory crime of robbery by eliminating the requirement of a specific intent to permanently deprive the owner of the property.

This court has continued to hold theft to be a lesser included offense of robbery under the current criminal code, relying on cases decided prior to the change in the criminal code. See *State v. Russell*, 217 Kan. 481, 484, 536 P.2d 1392 (1975); *State v. Aldershof*, 220 Kan. at 800. Other cases have recognized theft as a lesser included offense of robbery by implication. See *State v. Colbert*, 221 Kan. 203, 204, 557 P.2d 1235 (1976); *State v. Huff*, 220 Kan. 162, 167, 551 P.2d 880 (1976); *Morrow v. State*, 219 Kan. 442, 443, 444-45, 548 P.2d 727 (1976); *State v. Harris*, 215 Kan. 961, 529 P.2d 101 (1974). The inconsistency created by these holdings was recognized by the Court of Appeals in *State v. Antwine*, 4 Kan. App. 2d at 398-99:

"Although [*State v. Thompson*, 221 Kan. 165, 558 P.2d 1079 (1976)], suggests that robbery and theft contain distinct elements, we believe our Supreme Court has determined that theft is a lesser included offense of robbery and we are duty bound to follow that determination. . . .

". . . Of particular significance to us is that [*State v. Colbert*, 221 Kan. 203, 557 P.2d 1235 (1976)] was filed by the Supreme Court on the same day as *State v. Thompson*, 221 Kan. 165, indicating that the Supreme Court apparently did not intend to depart from its previous line of cases holding theft to be a lesser included offense of robbery by reason of eliminating the requirement in robbery of a specific intent to deprive the owner permanently of his or her property."

In the instant case the Court of Appeals declined to follow the decisions of this court holding theft is an included offense of robbery because it found those decisions were based upon prior cases predating the 1969 enactment of 21-3426 which eliminated

the intent to permanently deprive as an element of robbery. 8 Kan. App. 2d at 736. The appellant's conviction was reversed and the case remanded with directions to discharge the appellant. Under the test stated by this court to determine what constitutes lesser included offenses for the purpose of 21-3107(2)(*d*), the Court of Appeals was correct in its assessment that under our criminal code theft is not a "lesser included" offense of robbery because the specific intent element required to prove theft is not required to establish the elements of robbery.

Our inquiry does not end with this determination, however. In *State v. Gregory,* 218 Kan. 180, 182, 542 P.2d 1051 (1975), this court held that although involuntary manslaughter was not a "lesser included" crime of murder under clause (*d*) of K.S.A. 21-3107(2), it was a "lesser degree of the same crime" under clause (*a*) of the statute and thus was properly submitted to the jury as a lesser crime under 21-3107(3). In reaching this conclusion the court determined the phrase "the same crime" contained in clause (*a*) of 21-3107(2) referred to the generic crime of homicide. Following this reasoning the court in *State v. Williams,* 6 Kan. App. 2d 833, 835, 635 P.2d 1274 (1981), held involuntary manslaughter, although not a "lesser included" offense of voluntary manslaughter, is nonetheless an "included crime" under 21-3107(2)(*a*) as a lesser degree of the same crime. A similar result was reached in *State v. Smith,* 8 Kan. App. 2d 494, 660 P.2d 978 (1983), although different reasoning was applied. There the Court of Appeals held the defendant could not be convicted of both attempted first-degree murder and aggravated battery arising out of a single act of violence against the victim, although aggravated battery is not a lesser included offense of attempted murder. The court reasoned the only difference between the two offenses is the intent with which the act of shooting is committed. The intent to injure required for aggravated battery is merely a "lesser" intent than the intent to kill required for attempted murder, and therefore the defendant could not be convicted of both offenses.

The nature of the crime of robbery and its relationship to the crime of larceny or theft is discussed in 4 Wharton's Criminal Law § 469 (14th ed. 1981):

"At common law, robbery consists of larceny plus two aggravating circumstances. A larceny is aggravated and becomes robbery when (1) the property is

taken from the person or presence of another, and (2) the taking is accomplished by the use of force or threatened force (or, as sometimes stated, by putting the victim in fear of injury). Therefore, a defendant commits robbery when, with the intent permanently to deprive, he trespassorily takes and carries away the personal property of another from the latter's person or presence by the use of force or threatened force. On this analysis, a robbery often, but not always, consists of a battery plus larceny or an assault plus larceny. By definition, then, robbery may be classified not only as an offense against property but also as an offense against the person."

In 52A C.J.S., Larceny § 1(2), it is stated:

"Robbery and larceny are distinct crimes, *although in a generic sense they are but different degrees of the same crime.* The word 'robbery' describes a form of larceny, since robbery is merely an aggravated form of larceny or theft, the aggravation consisting in the use of actual or constructive violence against the person of the victim or the use of force or fear to accomplish the taking of property from the possessor. Thus, robbery may be briefly defined as a forcible larceny from the person. Larceny is an offense against the possession; robbery against the person. There may be larceny without robbery, but there can be no robbery without larceny, since robbery includes larceny; if the crime of robbery has been made out, no additional proof is required to establish the crime of larceny." (Emphasis added.)

See also 67 Am. Jur. 2d, Robbery § 7; 50 Am. Jur. 2d, Larceny § 8. The relationship between the crimes of robbery and larceny has been discussed by this court in prior cases. See *State v. Russell,* 217 Kan. at 484; *Guffey v. Casualty Co.,* 109 Kan. 61, Syl. ¶ 2.

It is doubtful that in broadening the statutory crime of robbery to include *any* taking of property from the person or presence of another the legislature intended to separate the crimes of theft and robbery into two distinct unrelated offenses. The Judicial Council comments following K.S.A. 21-3427, the aggravated robbery statute, indicate K.S.A. 21-3426 was intended to include the substance of the formerly defined crimes of first- and second-degree robbery under K.S.A. 21-527 and 21-528 (Corrick). The revision of the robbery statute, standing alone, does not indicate a legislative intent to remove robbery from its traditional role as an aggravated form of larceny or theft. One commentator advocates the use of a legislative intent test in determining whether offenses charged are multiplicitous or whether one is included in another. See 1 Wright, Federal Practice and Procedure: Criminal 2d § 142, pp. 476-78 (1982).

Based upon the foregoing analysis, we hold for the purposes of K.S.A. 21-3107(2)(*a*) theft is a "lesser degree of the same crime"

which embraces robbery. The unlawful taking of the property of another is the gravamen of both offenses. Robbery is the greater of the two offenses as it is characterized as a "crime against persons" in our criminal code and carries a higher penalty. Robbery requires the additional elements that the taking be accomplished by force or threat of bodily harm from the person or presence of another. A criminal intent is inferred when these elements are present. Where, however, unauthorized control is exerted over the property of another without the use of force or threat of bodily harm against the victim, the intent with which the property was taken characterizes the crime and determines its degree of criminality. For example, if a defendant had the intent to only temporarily deprive the owner of the property he would be guilty of unlawful deprivation of property under K.S.A. 21-3705; whereas, if he intended to permanently deprive the owner of the property he would be guilty of theft.

Both the crimes of robbery and theft require criminal intent, the only differences being the degree of intent and the manner in which they are established. In a prosecution for theft the jury must find the defendant had the intent to permanently deprive the owner of the property as an element of the offense. The defendant's intent can be and usually is inferred from the circumstantial evidence surrounding the taking. In a prosecution for robbery the necessary criminal intent is inferred where the other elements necessary to establish the crime are present. The specific intent to permanently deprive the owner of property required for theft is similar to the criminal intent inferred when the elements of robbery are present. Where the crime of theft is charged, however, the defendant's specific intent in committing the crime must be affirmatively shown by the prosecution to distinguish the offense from other crimes involving the taking of property and to determine the degree of criminality in the defendant's acts. For the purposes of K.S.A. 21-3107(2)(a) the crime of theft is an included crime of robbery as a "lesser degree of the same crime."

Whether the appellant was entitled to an instruction on theft is a different question. The duty to instruct on lesser crimes of which the accused might be found guilty under the information or indictment arises only where there is evidence upon which the accused might reasonably be convicted of the lesser offense.

K.S.A. 21-3107(3); *State v. Hutton,* 232 Kan. at 552. In this case the appellant denied taking the money at all, although he admitted he "brushed by" Mrs. Wolf when he panicked and ran from the sale building. Based upon the evidence presented, the jury could either find the appellant did not take the money, in which event he would not be guilty of anything, or that he did take the money from the money box and used force to accomplish the taking, in which event he would be guilty as charged. This is not a situation where the defendant denies using force or threat of bodily harm to accomplish the taking. He denies that the money was actually taken by him. The appellant's defense in this case was to challenge the identity of the perpetrator. The court has recognized in cases involving alibi defenses such a defense is insufficient, standing alone, to support an instruction on a lesser charge, where it does not refute the evidence establishing the elements of the crime. See *State v. Hutton,* 232 Kan. at 554-55; *State v. Cameron & Bentley,* 216 Kan. 644, 651, 533 P.2d 1255 (1975). No evidence was presented by the appellant upon his theory of defense which would reasonably have supported his conviction of the lesser crime of theft, and therefore the trial court did not err in failing to instruct the jury on the crime of theft.

The decision of the Court of Appeals is reversed and the appellant's conviction is affirmed.