No. 66,578

STATE OF KANSAS, *Appellant*, v. LESTER B. DEAN, *Appellee*.

(824 P.2d 978)

Opinion filed January 17, 1992.

W. *Scott Toth*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Paul J. Morrison*, district attorney, were with him on the brief for appellant.

*Michael J. Bartee*, assistant public defender, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: In this criminal action Lester B. Dean was charged with aggravated robbery, K.S.A. 21-3427, for ordering gasoline pumped into his car, which he refused to pay for; he then threatened the gas station owner and drove away. Before trial, Dean moved to dismiss the charge on the theory his acts did not constitute aggravated robbery. The district court granted Dean's motion.

On January 2, 1991, Chong Su Kwon, the owner of the Shawnee Conoco station in Shawnee was working alone when a small red vehicle pulled into his station. The driver ordered three dollars worth of gasoline. Kwon proceeded to pump the gasoline as ordered. Once he had complied with the order, Kwon returned to the driver's window and requested payment of the three dollars. The driver responded by saying, "I don't have money. How about this." As he spoke the driver raised his right arm underneath a jacket as if he had a weapon. Kwon believed the driver was pointing a gun at him. He thought he was about to be shot. Kwon jumped away from the car. The driver then pulled out of the station and drove away.

Kwon immediately reported the incident to the police. Dean was stopped by the police a short time later for exceeding the speed limit in a school zone. Kwon identified Dean as the driver of the small red vehicle. No weapon was recovered from Dean or his vehicle.

Following a preliminary hearing, Dean moved to have the charge dismissed. He argued the facts did not support a charge of robbery and, therefore, could not sustain a charge of aggravated robbery. The district court agreed with Dean and dismissed the case. The State appeals.

The sole issue is whether Dean's ordering the pumping of gasoline prior to payment and immediately leaving the presence of the owner without payment by the use of threat or force constitutes robbery or merely theft.

Dean was charged with aggravated robbery, which is: "a robbery committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery." K.S.A. 21-3427. Robbery is statutorily defined as "the taking of property from the person or presence of another by threat of bodily harm to his person or the person of another or by force." K.S.A. 21-3426.

As early as 1894, this court addressed the question of when the force or threat must occur in order to constitute the crime of robbery rather than theft. In *State v. Miller*, 53 Kan. 324, Syl. ¶ 1, 36 Pac. 751 (1894), we stated:

"To constitute the crime of robbery by forcibly taking money from the person of its owner, it is not necessary that violence to the person of the

owner should precede the taking of the money; it is sufficient if it be contemporaneous with the taking."

In keeping with *Miller*, Kansas follows the general rule:

"[T]o constitute the crime of robbery by forcibly taking [property] from the person of its owner, it is necessary that the violence to the owner must either precede or be contemporaneous with the taking of the property and robbery is not committed where the thief has gained peaceable possession of the property and uses no violence except to resist arrest or to effect his escape." *State v. Aldershof*, 220 Kan. 798, 803, 556 P.2d 371 (1976).

The ultimate issue, therefore, becomes whether "the taking of the property has been completed at the time the force or threat is used by the defendant." *Aldershof*, 220 Kan. at 803.

In *Aldershof*, the defendant while inside a tavern took two purses, one from a table and the other from the owner's lap. He then escaped the tavern as he was being followed by the owner of one of the purses. The owner caught the defendant outside the tavern and grabbed his shirt. He turned, struck her, and left. The defendant was convicted of robbery and appealed.

The defendant contended the evidence did not support the jury's verdict of robbery. Instead, he argued no force or threat was used in the *taking* of the purses. We agreed. The purses were under the defendant's control when he left the tavern and were no longer in the victims' presence. Thus, the taking was completed before he used any threat or force. The force used was to aid in his escape. 220 Kan. at 799-804.

We faced the same issue in *State v. Long*, 234 Kan. 580, 675 P.2d 832 (1984), *overruled on other grounds State v. Keeler*, 238 Kan. 356, 710 P.2d 1279 (1985), with a different result. The victim, Mrs. Wolf, operated a dairy farm that included a small sale building. Customers were allowed to help themselves to milk and then were on the honor system to deposit payment in a locked, slotted money box mounted on the wall. Mrs. Wolf discovered the defendant crouched over the money box, which had been pried open. The defendant had his hands in his pockets. Mrs. Wolf noticed a dollar bill lying on the floor beneath the money box. She attempted to block the defendant's exit from the building, but he forced his way out of the building by violently shoving Mrs. Wolf aside. 234 Kan. at 581.

After being convicted of robbery, the defendant appealed, claiming the force used against Mrs. Wolf occurred after the taking to aid his escape and, therefore, the evidence did not support a robbery conviction. We determined "[t]he defendant takes possession of the property of another when he exercises dominion and control over the property." 234 Kan. at 582-85. We further explained: "'If the possession of the would-be taker is imperfect in any degree, or his control of the thing desired is qualified by any circumstance, however slight, the taking is incomplete and the act is only an attempt.' " 234 Kan. at 585 (quoting 52A C.J.S, Larceny § 6).

We concluded a thief does not obtain complete independent and absolute possession and control of property adverse to the rights of the owner when the taking is immediately resisted by the owner before the thief can remove it from the premises or from the owner's presence.

In the case currently under consideration, the State contends the facts are analogous to *Long*. The State claims that although Kwon voluntarily pumped gasoline into the vehicle, Dean could not exercise complete control and dominion over the gasoline until Dean threatened Kwon with what appeared to be a weapon to take the property from the presence of Kwon; thus, the taking was incomplete until force was used.

We agree. The statute requires the taking of property "from the person or *presence* of another" by use of force or threat. K.S.A. 21-3426. We believe the rules set out in *Long* apply here. Dean had not left the premises or even attempted to drive away. Here, Dean's own actions of threatening Kwon before driving away indicate his belief that he needed to neutralize Kwon before he would have complete control of the gasoline. We find Dean made his threat to prevent resistance to the taking and not as a means of escape. Therefore, the facts support a charge of aggravated robbery.

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

ABBOTT, J., dissenting: I would affirm the trial court.

Here, the station owner, Chong Su Kwon, pumped the gasoline into the defendant's car, rehung the hose, replaced the gas cap,

and then attempted to collect for the sale. In response, the defendant raised his right arm underneath a jacket as if he had a weapon and said, "I don't have money. How about this." Kwon believed the defendant was pointing a gun at him and jumped away from the car. The defendant then drove out of the station.

Kwon immediately reported the incident. The police stopped the defendant a short time later for exceeding the speed limit in a school zone. No weapon was recovered from the defendant or from his vehicle.

In my opinion, the majority opinion states the general rules, but misapplies them:

"As early as 1894, this court addressed the question of when the force or threat must occur in order to constitute the crime of robbery rather than theft. In *State v. Miller*, 53 Kan. 324, Syl. ¶ 1, 36 Pac. 751 (1894), we stated:

'To constitute the crime of robbery by forcibly taking money from the person of its owner, it is not necessary that violence to the person of the owner should precede the taking of the money; it is sufficient if it be contemporaneous with the taking.'

"In keeping with *Miller*, Kansas follows the general rule:

'[T]o constitute the crime of robbery by forcibly taking [property] from the person of its owner, it is necessary that the violence to the owner must either precede or be contemporaneous with the taking of the property and robbery is not committed where the thief has gained peaceable possession of the property and uses no violence except to resist arrest or to effect his escape.' *State v. Aldershof*, 220 Kan. 798, 803, 556 P.2d 371 (1976).

The ultimate issue, therefore, becomes whether 'the taking of the property has been completed at the time the force or threat is used by the defendant.' *Aldershof*, 220 Kan. at 803."

My research discloses only three cases from three other states containing similar facts. All three decide the issue contrary to the majority in this case.

As far back as 1932, Oklahoma considered this issue. In *Kernell v. State*, 53 Okla. Crim. 259, 10 P.2d 287 (1932), Kernell drove to a service station and had five gallons of gasoline put into his automobile's gasoline tank. Kernell started to leave the station without paying for the gasoline. When the station attendant physically attempted to stop the car by jumping on the car, a passenger in the automobile pulled a pistol. A jury convicted Kernell of robbery. The Oklahoma Supreme Court reversed, stating:

"The obtaining of the gasoline having been without force, but with the consent of the owner, the state of facts shown could only constitute robbery in case the resistance offered by defendant and his companion was to retain possession of the property and not as a means of escape. The prosecuting witness was not attempting to recover his property, but was demanding pay for it. The circumstances disclose that defendant and his companion were attempting to flee. Under no reasonable view of the evidence can it be said that defendant used force to retain possession of the property, but rather it discloses that such force as was used was in an effort to escape. We are constrained to hold that the crime charged has not been proved." 53 Okla. Crim. 262-63.

In *Williams v. State*, 124 Ohio St. 585, 180 N.E. 58 (1932), Williams had the service station attendant put eight gallons of gasoline into his automobile. The attendant replaced the tank cap and walked to the front of the automobile. Williams attempted to drive away, and the attendant jumped on the running board at a point near the front seat. Passengers in the car pushed the attendant off the running board. A jury convicted Williams of robbery. The Ohio Supreme Court reversed, stating:

"This case is very easily distinguished from the case to which our attention has been called, involving a struggle between the owner of a jewelry store and a thief in the store, who had grabbed a tray of rings and was endeavoring to run out of the store with it, and the jeweler was endeavoring to get the tray away from the thief.

"In this case the delivery by the owner was voluntary and complete in every detail, even to replacing the cap of the gasoline tank. The station attendant was not trying to get the gasoline back by jumping upon the running board of the car, but was seeking to collect the charge of $1.28, which he might have exacted in advance, or at least by withholding the tank cap until payment was made or secured. Manifestly it was not practicable to retake the gasoline out of the tank of the car.

"Every essential of robbery is lacking in this case. The judgments of the trial and appellate courts must be reversed." 124 Ohio St. 588.

In *Flarity v. State*, 499 So. 2d 18 (Fla. Dist. App. 1986), Flarity pumped gasoline into his car at a self-service station and did not pay for it. The station attendant attempted to stop Flarity from driving away by reaching inside the car and taking the keys. As Flarity accelerated the car, the attendant let go. A Florida court of appeals reversed the robbery conviction and held: "The taking of the gasoline occurred when the fuel reached the car. Because

the violence occurred after the taking, the crime committed was petit larceny rather than robbery." 499 So. 2d at 19.

Here, the taking was complete. The gasoline pumped into the automobile commingled with the other gasoline in the tank and was not recoverable. (A similar product, however, might be recoverable, assuming the gasoline already in the tank had no impurities and had the same octane rating and additives.) After the gasoline was commingled, the defendant had complete control and dominion over it. The gasoline had been delivered. The attendant had replaced the gas cap and had rehung the hose used to put the gasoline into the automobile. All that remained was for the attendant to collect for the gasoline.

I would affirm the trial court, which would leave the State in a position to charge the defendant with misdemeanor theft and whatever degree of assault the State could prove.

ALLEGRUCCI, J., joins the foregoing dissent.