(863 P.2d 372)
No. 69,147

STATE OF KANSAS, *Appellee*, v. BRIAN BLOCKMAN a/k/a ROBERTO HONEYCUTT, *Appellant*.

Rev'd 255 Kan. 953, 881 P.2d 561 (1994).

Opinion filed November 19, 1993.

*Steve Moss*, legal intern, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Christine E. Kenney*, assistant district attorney, *Gerald E. Wells*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ROYSE, P.J., LARSON, J., and JAMES L. BURGESS, District Judge, assigned.

ROYSE, J.: Brian Blockman appeals from his conviction of one count of robbery.

During the early morning hours of March 3, 1992, Blockman entered a convenience store in Lawrence. He handed the store clerk, Ken Duncan, a note which said, "Give me the money." After giving Duncan the note, Blockman orally repeated the demand for money. Although he made no explicit threat of physical harm to Duncan, Blockman kept his right hand in his pocket while demanding the money. Duncan responded to the demand by placing $25 in a paper bag and giving it to Blockman.

Duncan testified at Blockman's trial that store policy requires employees to comply when "somebody comes in and is robbing the store or demanding money." Duncan said that he would not have given Blockman the money, however, if he had been able to determine that Blockman did not have a weapon.

Blockman testified on his own behalf. He admitted he had given Duncan the note, but he denied that he had threatened the clerk. Blockman claimed he had kept his hand in his pocket because he was nervous. At the conclusion of the trial, the jury found Blockman guilty of the charge of robbery.

Blockman argues on appeal that the trial court erred by refusing to instruct the jury on the crime of theft by threat, K.S.A. 21-3701(c), as a lesser included offense of robbery. The trial court indicated at the instructions conference that it would give an instruction on theft as defined by K.S.A. 21-3701(a). The court explained its refusal to instruct on theft by threat by saying that theft by threat was inapplicable under the facts and that the jury would be confused by instructions on such similar offenses.

A trial court has an affirmative duty to instruct the jury on all lesser included offenses established by the evidence. K.S.A. 21-3107(3). This duty arises only when the evidence introduced at trial is such that the defendant might reasonably have been convicted of the lesser offense. *State v. Deavers*, 252 Kan. 149, 151, 843 P.2d 695 (1992).

K.S.A. 21-3107(2) establishes the criteria for an included crime:

"An included crime may be any of the following:
  (a) A lesser degree of the same crime;
  (b) an attempt to commit the crime charged;
  (c) an attempt to commit a lesser degree of the crime charged; or
  (d) a crime necessarily proved if the crime charged were proved."

The crime of robbery is defined in K.S.A. 21-3426 as "the taking of property from the person or presence of another by threat of bodily harm to his person or the person of another or by force." K.S.A. 21-3701 sets forth the definition of theft:

"Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property:
  (a) Obtaining or exerting unauthorized control over property; or
  (b) Obtaining by deception control over property; or
  (c) Obtaining by threat control over property; or
  (d) Obtaining control over stolen property knowing the property to have been stolen by another."

The legislature enacted K.S.A. 21-3701 as a consolidated theft statute, combining the following crimes: larceny and embezzlement (codified in subsection [a] of the present theft statute); false

pretenses (subsection [b]); extortion (subsection [c]); and receiving stolen property (subsection [d]). Judicial Council Comment, 1968, to K.S.A. 21-3701; Wilson, *Thou Shalt Not Steal: Ruminations on the New Kansas Theft Law*, 20 Kan. L. Rev. 385, 400 (1972).

Blockman argues that theft by threat is a lesser included crime of robbery under 21-3107(2)(a). Blockman cites *State v. Long*, 234 Kan. 580, 591-92, 675 P.2d 832 (1984), which held that theft under 21-3701(a) is a lesser degree of the same crime which embraces robbery. See *State v. Sutherland*, 248 Kan. 96, 103, 804 P.2d 970 (1991); *State v. Antwine*, 4 Kan. App. 2d 389, 399, 607 P.2d 519 (1980).

The State counters that these cases are not applicable because they consider whether theft under 21-3701(a) is a lesser included crime of robbery. None of the prior opinions address the issue whether a court must instruct on theft by threat under 21-3701(c) in a robbery case.

The rationale used by the Supreme Court in *Long*, however, equally applies in this case.

"In 52A C.J.S., Larceny § 1(2), it is stated:

'Robbery and larceny are distinct crimes, *although in a generic sense they are but different degrees of the same crime*. The word 'robbery' describes a form of larceny, since robbery is merely an aggravated form of larceny or theft, the aggravation consisting in the use of actual or constructive violence against the person of the victim or the use of force or fear to accomplish the taking of property from the possessor. Thus, robbery may be briefly defined as a forcible larceny from the person. Larceny is an offense against the possession; robbery against the person. There may be larceny without robbery, but there can be no robbery without larceny, since robbery includes larceny; if the crime of robbery has been made out, no additional proof is required to establish the crime of larceny.' (Emphasis added.)

. . . .

"Based upon the foregoing analysis, we hold for purposes of K.S.A. 21-3107(2)(a) theft is a 'lesser degree of the same crime' which embraces robbery. The unlawful taking of the property of another is the gravamen of both offenses." 234 Kan. at 591-92.

Just as with theft under 21-3701(a), the gravamen of theft by threat is the unlawful taking of the property of another. For purposes of 21-3107(2)(a), then, theft by threat is an included crime of robbery as a "lesser degree of the same crime."

The State argues that theft by threat fails the two-pronged test for lesser included crimes set forth in *State v. Dixon*, 248 Kan. 776, 811 P.2d 1153 (1991), and *State v. Fike*, 243 Kan. 365, 757 P.2d 724 (1988). This argument misses the point. The test referred to by the State comes into play when the issue is whether a lesser crime is a lesser included crime under 21-3107(2)(d). 243 Kan. at 367. The two-pronged test explained in *Fike* is not used to analyze 21-3107(2)(a), which Blockman relies upon.

The Supreme Court recognized this distinction in *State v. Getz*, 250 Kan. 560, 830 P.2d 5 (1992). Getz had been convicted of felony theft. She argued that the trial court should have instructed the jury on theft of lost or mislaid property, K.S.A. 21-3703, as a generically included offense. The trial court noted that theft of lost or mislaid property contains an element not found in theft, namely that the property be lost or mislaid. This analysis focused on K.S.A. 21-3107(2)(d) but did not foreclose application of K.S.A. 21-3107(2)(a). The Supreme Court concluded: "Theft of lost or mislaid property (K.S.A. 21-3703) and theft (K.S.A. 21-3701) are both forms of the same crime of larceny. The trial court erred in refusing to give a jury instruction on theft of lost or mislaid property." 250 Kan. at 566.

The trial court refused to instruct on theft by threat because it construed K.S.A. 21-3701(c) as inapplicable to a theft from the presence of the victim. The legislature, however, did not so limit the scope of 21-3701(c). Nor was such a narrow reading of the statute employed in *State v. Lashley*, 233 Kan. 620, 664 P.2d 1358 (1983), which held that theft by threat was a crime inherently dangerous to human life for purposes of the felony-murder rule.

"Theft—obtaining by threat control over property (K.S.A. 21-3701[c]), is taking property by putting the owner in fear of personal injury or injury to his property through fear induced by threats. The taking is without the voluntary consent of the owner and the owner allows the property to be taken as a result of actual fear induced by threats calculated to excite a reasonable apprehension of harm." 233 Kan. at 633.

The trial court's analysis is also contrary to *State v. Russell*, 217 Kan. 481, 536 P.2d 1392 (1975). Russell went with two accomplices to collect a disputed debt from Koehn. Once they succeeded in trapping Koehn in his machine shed, Russell demanded his money. Russell insisted he would get it "one way or

another." 217 Kan. at 482. Koehn finally relented and wrote a check for the amount demanded. The Russell group then left, although not before they cut Koehn's telephone wires to delay his calling the bank.

At trial, Koehn testified that a heated discussion had occurred and he was frightened by Russell's threat. Russell was convicted of theft by threat.

On appeal, one of Russell's arguments was that the evidence at trial showed a robbery, a separate and distinct crime. The Supreme Court rejected Russell's argument:

"The evidence in this case . . . would have justified a finding of the offense of robbery had the defendant been so charged. The evidence being sufficient to support a conviction for the graver offense, it is certainly sufficient to support a conviction for theft." 217 Kan. at 484.

It is not the function of the court, in construing a statute, to add that which is not readily found therein. *Boatright v. Kansas Racing Comm'n,* 251 Kan. 240, 245, 834 P.2d 368 (1992). The analysis of the trial court, interjecting a limitation on K.S.A. 21-3701(c), *is not persuasive.*

The trial court also said it was refusing the requested instruction because an instruction on theft by threat would be "confusing" to the jury. There is no question that the elements of robbery and theft by threat are similar. Both focus on the taking of property by threat. Although the Judicial Council comment to the Kansas robbery statutes indicates that the legislature considered the provisions of the Model Penal Code and the Illinois Criminal Code, these codes limit robbery to threats of immediate injury or imminent force. The Kansas statutes do not include such distinguishing qualifiers.

The trial court bears a duty to instruct on all lesser included offenses established by the evidence. No exceptions to that duty have been recognized on the premise that the instructions might be confusing. The trial of this case focused on the threat issue. Blockman was entitled to an instruction on theft by threat as a lesser included offense of robbery. The failure to give the requested instruction was error.

Blockman's second argument is that the trial court erred in its instruction defining "threat" as it relates to robbery. This instruction has not been included in the record on appeal.

An appellant bears the burden to furnish a record which affirmatively shows that prejudicial error occurred in the trial court. In the absence of such a record, an appellate court presumes the action of the trial court was proper. *State v. Richard,* 252 Kan. 872, 874, 850 P.2d 844 (1993). Assertions in an appellate brief do not remedy an inadequate record on appeal. *Kenyon v. Kansas Power & Light Co.,* 17 Kan. App. 2d 205, 207, 836 P.2d 1193 (1992). The record on appeal in this case does not support Blockman's assertion of error.

Blockman's final argument on appeal is that his conviction must be reversed because of improper remarks by the prosecutor during closing argument. Improper remarks by a prosecutor during closing argument are grounds for reversal only when they are so gross and flagrant as to prejudice the jury against the defendant and deny him a fair trial. *State v. Chism,* 243 Kan. 484, 493, 759 P.2d 105 (1988).

Blockman bases his claim of misconduct on the following dialogue:

"[PROSECUTOR]: Now, in voir dire, Mr. Rumsey told you that the State has the burden of proof because we have the law enforcement officers and we have ten attorneys, but the State has the burden of proof in a criminal action because under our system of criminal justice, a person is presumed innocent until the State can prove them guilty beyond a reasonable doubt. Law enforcement officers work for me in the same way they work for every other citizen of the United States. This defendant no longer has the presumption of innocence. The State has presented evidence to prove him guilty beyond a reasonable doubt.

"[DEFENSE COUNSEL]: Judge, for the record, I object. Innocence stays with the defendant until they reach a decision.

"THE COURT: I agree with you.

"[PROSECUTOR]: I agree with that. I apologize."

Blockman contends that (1) the prosecutor's comments on the presumption of innocence misstated the law and (2) the trial court's failure to directly admonish the jury to disregard the comments was so prejudicial as to deny him a fair trial. Blockman is right on the first point. A defendant is presumed innocent until proven guilty beyond a reasonable doubt. K.S.A. 21-3109. See also *Mahorney v. Wallman,* 917 F.2d 469, 471 n.2 (10th Cir. 1990) (a presumption of innocence remains with the accused until

the jury determines that guilt has been established beyond a reasonable doubt).

Blockman's second contention is not persuasive. Defense counsel promptly objected to the improper remarks of the prosecutor and explained the basis for the objection. The trial court indicated that it agreed with the basis for the objection. The prosecutor then acknowledged that her remarks were improper and apologized. Although the court did not formally admonish the jury to disregard the prosecutor's improper comments, the record does not show that Blockman was denied a fair trial.

Based on the trial court's failure to instruct on the lesser included offense of theft by threat, Blockman's robbery conviction is reversed, and the case is remanded for a new trial.