No. 69,147

STATE OF KANSAS, *Appellee*, v. BRIAN BLOCKMAN a/k/a
ROBERTO HONEYCUTT, *Appellant*.

(881 P.2d 561)

Opinion filed September 16, 1994.

*Stephen C. Moss*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the briefs for appellant.

*Christine E. Kenney*, assistant district attorney, argued the cause, and *Gerald E. Wells*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: This appeal comes before us on the State's petition for review of the Court of Appeals' decision in 19 Kan. App. 2d 56, 863 P.2d 372 (1993). Brian Blockman was convicted of robbery following a jury trial. The Court of Appeals reversed his conviction, concluding that the trial court's refusal to grant the defendant's request for an instruction on theft by threat required reversal. Because we hold that theft by threat is not a lesser in-

cluded offense of robbery, we reverse the decision of the Court of Appeals and affirm the trial court.

The defendant entered a convenience store in Lawrence and handed the clerk a note that read, "Give me the money." After giving the clerk the note, the defendant orally repeated the demand for money. Although he made no explicit threat of physical harm, the defendant kept his right hand in his pocket while demanding money.

The clerk gave the defendant the money in the register. The defendant then fled. At trial, the clerk testified that store policy was to comply when "somebody comes in and is robbing the store or demanding money." The clerk further testified that had he been able to determine that the defendant was not armed, he would not have given the defendant any money.

The defendant admitted that he gave the note to the clerk. He denied that he had threatened the clerk. The defendant testified that he kept his hand in his pocket because he was nervous.

### Trial Court

The trial court instructed the jury on theft (K.S.A. 21-3701[a]), but denied the defendant's request for an instruction on theft by threat (K.S.A. 21-3701[c]). In denying the requested instruction, the court said:

"Now as far as the law goes itself on the instruction on theft, if the defendant takes property of the person in the presence of a victim by threat, it is robbery and not theft by threat. If we leave out the threat part, then it can be in this case, under the circumstances, theft by threat [sic] or theft by unauthorized control, which has been held in Kansas to be a lesser included, a crime of a lesser degree than robbery. Otherwise, the jury, as far as I am concerned, would be given incorrect law and would be totally confused with having two elements being the same. In other words, you take property from this man by threat and you can decide whether or not it's a robbery or a theft. It's confusing, utterly confusing, and I think totally wrong. So I will give the instructions on theft as indicated."

The trial court's statement underscores the real difficulty of classifying theft by threat as a lesser included offense of robbery. Essentially, the court would be giving the jury instructions on two offenses containing common elements. As the trial court notes, if the property is taken from the clerk by threat the jury would

be required to decide, without additional guidance, whether the taking was robbery or theft by threat. Such instructions would be "utterly confusing" to the jury.

## Court of Appeals

The basis of the Court of Appeals' decision is that theft by threat is a lesser degree of the same crime which embraces robbery. In reaching this conclusion the Court of Appeals relies upon *State v. Long*, 234 Kan. 580, 675 P.2d 832 (1984). The Court of Appeals acknowledges that "[n]one of the . . . opinions [relied upon by defendant] address the issue whether a court must instruct on theft by threat under 21-3701(c) in a robbery case." 19 Kan. App. 2d at 58. However, the Court of Appeals applies the following *Long* rationale in support of its conclusion that theft by threat is a lesser degree of the same crime which embraces robbery:

"In 52A C.J.S., Larceny § 1(2), it is stated:

'Robbery and larceny are distinct crimes, *although in a generic sense they are but different degrees of the same crime.* The word "robbery" describes a form of larceny, since robbery is merely an aggravated form of larceny or theft, the aggravation consisting in the use of actual or constructive violence against the person of the victim or the use of force or fear to accomplish the taking of property from the possessor. Thus, robbery may be briefly defined as a forcible larceny from the person. Larceny is an offense against the possession; robbery against the person. There may be larceny without robbery, but there can be no robbery without larceny, since robbery includes larceny; if the crime of robbery has been made out, no additional proof is required to establish the crime of larceny.' (Emphasis added.)

. . . .

"Based upon the foregoing analysis, we hold for purposes of K.S.A. 21-3107(2)(a) theft is a 'lesser degree of the same crime' which embraces robbery. The unlawful taking of the property of another is the gravamen of both offenses. 234 Kan. at 591-92." 19 Kan. App. 2d at 58.

The Court of Appeals then concludes:

"Just as with theft under 21-3701(a), the gravamen of theft by threat is the unlawful taking of the property of another. For purposes of 21-3107(2)(a), theft by threat is an included crime of robbery as a 'lesser degree of the same crime.' " 19 Kan. App. 2d at 58.

Common-law larceny as codified in Kansas in K.S.A. 21-3701(a), "[o]btaining . . . unauthorized control over property," is a lesser degree of the crime which embraces robbery as codified in K.S.A. 21-3426. Based upon a long line of cases set forth in the *Long* opinion, we so held. This remains the law in Kansas. As we concluded in *Long*, larceny is a crime against property. Robbery, however, is not only a crime against property but is also a crime against the person. The gravamen of both offenses is the unlawful taking of the property. There may be larceny without robbery, but there can be no robbery without larceny.

As the Court of Appeals acknowledged, we have never held that theft by threat, codified in K.S.A. 21-3701(c), is a lesser degree of robbery. There are some basic differences between larceny, K.S.A. 21-3701(a), and theft by threat, K.S.A. 21-3701(c). Unlike larceny, theft by threat is not only a crime against possession but is also a crime against the person. Moreover, unlike larceny there can be a robbery without a theft by threat. *Long* supports its conclusion that larceny is a lesser included offense of robbery with its quote from Corpus Juris Secundum focusing upon the nature of the common-law crime of larceny. This conclusion is both reasonable and sound. The same reasoning fails, however, when the nature of the common-law crime of theft by threat is considered. At common law, the crime of theft by threat was extortion.

In 1969, the Kansas Legislature adopted the present Kansas Criminal Code and in doing so merged several traditional theft offenses into a single crime. Since the effective date of the theft statute, K.S.A. 21-3701, "[t]heft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property." This general statement is followed by subsection (a), which prohibits conduct formerly identified as larceny (obtaining unauthorized control) and embezzlement (exerting unauthorized control); subsection (b), theft by deception, which includes the preexisting crimes of false pretenses and larceny by trick; subsection (c), which proscribes extortion; and subsection (d), which defines the former crime of receiving stolen property. All the above crimes are within the statutory definition of theft.

As Professor Paul E. Wilson noted in his article, *Thou Shall Not Steal: Ruminations on the New Kansas Theft Law*, 20 Kan. L. Rev. 385, 396 (1972):

"It has been observed that the intent of the legislature in enacting section 21-3701 was to absorb pre-existing crimes long recognized by Anglo-American law, not to create a new offense. The certainty of a statute that defines an offense known to the common law may be enhanced by the characteristics of the common law offense that it embraces. Patently, the intent of the drafters was to avoid the technical limitations and criteria of the pre-existing theft crimes. Thus the caption and the asportation, the distinctions between trespassory taking of possession and conversion of property already in possession, and the differentiation between fraudulent obtaining of *possession* and a like obtaining of *title* are gone. Still the objectives of the law of theft remain as before and the law ought not to be oblivious to its history."

When the history of theft by threat (extortion) is considered, one can readily see that extortion and larceny are separate, distinct crimes. Theft by threat, now K.S.A. 21-3701(c), incorporates what was codified prior to 1970 as third-degree robbery:

"If any person shall, either verbally or by a written or printed communication, accuse or threaten to accuse another of any felony or other crime, or threaten to do any injury to the person or property of anyone, with a view or intent to extort or gain any money or property of any description, belonging to another, and shall, by intimidating him with said accusation or threat, extort or gain from him any money or property, every such offender shall be deemed guilty of robbery in the third degree." K.S.A. 21-529 (Corrick) (repealed L. 1969 ch. 180 § 21-4701).

As Professor Wilson observed, "[t]heft of property by threat is designed to cover the kinds of extortionate conduct that should be reached by the criminal law." 20 Kan. L. Rev. at 407.

Unlike the common-law crime of larceny (now defined in K.S.A. 21-3701[a]) which is exclusively a crime against possession, extortion (codified at K.S.A. 21-3701[c]) is, like robbery, a crime against possession and also a crime against the person. In this respect, extortion and robbery may share a common element of threat. At the same time, however, extortion is much broader in its application than is robbery. While the new crime of blackmail (K.S.A. 21-3428) encompasses much of what was the crime of extortion, aspects of the common-law crime of extortion remain under K.S.A. 21-3701(c). Extortion, excluding blackmail, now in-

volves a threat to do any injury to the person or property of anyone, with a view to extort or gain any money or anything of value. See K.S.A. 21-529 (Corrick). Compare K.S.A. 21-3428 (defining blackmail).

The means of obtaining property under 21-3701(c) is through extortionate conduct. "Extort" is "to obtain money or other valuable thing either by compulsion, by actual force, or by the force of motives applied to the will, and often more overpowering and irresistible than physical force." Black's Law Dictionary 585 (6th ed. 1990). Similarly, "extortion" is "[t]he obtaining of property from another induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." Black's Law Dictionary 585.

As noted by the Court of Appeals in its decision, we have in the past had the opportunity to comment upon the crime of theft by threat. In *State v. Russell*, 217 Kan. 481, 536 P.2d 1392 (1975), the defendant took his son and a young, 6'4", 225-pound friend along to collect a debt. The friend, unknown to the victim, lured the victim into a tool shed under the pretense of needing gasoline for his car. Once the victim was in the tool shed, the defendant and his son entered and stood with the larger friend between the victim and the only exit. The defendant demanded payment and said he would get his money "one way or the other." 217 Kan. at 481-82. The defendant was charged and convicted of theft by threat. On appeal, the defendant argued that the evidence supported only a conviction for robbery, not theft by threat. We concluded that the evidence would have justified a robbery conviction had the defendant been so charged. "The evidence being sufficient to support a conviction for the *graver* offense, it is certainly sufficient to support a conviction for theft." 217 Kan. at 484 (emphasis added).

The actions of the defendant in *Russell* fit the definition of extortion—"[t]he obtaining of property from another induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." Black's Law Dictionary 585. The defendant claimed that the money he obtained was owed to him by the victim. At the same time, as *Russell* noted, the defendant's

actions fit the definition of robbery in that the taking was by threat of bodily harm to the victim. Under these circumstances the prosecutor has a choice of which charge to file since, as in this case, both offenses share a common element of threat of physical harm.

*Russell* uses the term "graver offense" when referring to robbery. There can be no doubt that robbery, because it involves a forcible taking from the person or a threat of bodily harm to the person, is treated under our criminal code as a graver offense than extortion. This is so even though extortion may also involve a threat of harm to either the person or the property of another. The fact that robbery is treated as a graver offense does not support the conclusion that robbery contains within it the offense of theft by threat or that extortion is an included offense of robbery. In defining the crimes of robbery and extortion, the legislature did not intend that consideration be given to the degree of the threat in distinguishing between the two crimes. In other words, the question is not whether the threat was major or minor with the former being robbery and the latter being theft by threat. Instead, the legislature defined the two crimes in their historical context, giving broad meaning to the term threat as it relates to extortion and a narrow definition to the term threat as it relates to robbery.

K.S.A. 1993 Supp. 21-3110 sets forth the general definition applicable to the criminal code except when a particular context clearly requires a different meaning. Section 21-3110(24) states: " 'Threat' means a communicated intent to inflict physical or other harm on any person or on property." This definition gives meaning to the codification of extortion or theft by threat in K.S.A. 21-3701(c). In the case of *State v. Lashley*, 233 Kan. 620, 633, 664 P.2d 1358 (1983), we acknowledged the broad language used in the above definition as it relates to theft by threat:

"Theft, obtaining by threat control over property (K.S.A. 21-3701[c]), is taking property by putting the owner in *fear of personal injury or injury to his property through fear induced by threats*. The taking is without the voluntary consent of the owner and the owner allows the property to be taken as a result of actual fear induced by threats calculated to excite a reasonable apprehension of harm." (Emphasis added.) 233 Kan. at 633.

In *Lashley*, which the Court of Appeals relied upon to establish that theft by threat is a lesser offense of robbery, the question did not involve lesser included offenses, but rather dealt with the question of the forms of theft that would support a felony-murder conviction. Recognizing that extortion in the abstract was a crime inherently dangerous to human life, *Lashley* concluded:

"The offense of theft set forth in the court's instruction is a felony when viewed in the abstract inherently dangerous to human life and is a proper felony to sustain a conviction for murder in the first degree under the felony murder rule. However, we wish to emphasize that theft may be the underlying felony in a charge of felony murder only in cases where the discovery of the thief during the course of the theft results in the death of a person." 233 Kan. at 634.

*Lashley* simply does not address the question we now consider. *Lashley* does, however, support our conclusion that we must not overlook the historical context of the crimes involved.

Under our criminal code, robbery takes very little from the definition of threat contained in K.S.A. 1993 Supp. 21-3110(24) because robbery, in part, requires a "threat of bodily harm." "Robbery is the taking of property from the person or presence of another by force or by threat of bodily harm to any person." K.S.A. 21-3426. Assuming that the prosecutor has made the decision to charge robbery and the evidence raises the question of whether there has been the taking of property from the person or presence of another by threat of bodily harm to any person, the jury is not to consider the degree of the threat but rather whether the threat of bodily harm is established by the evidence. If the jury concludes beyond a reasonable doubt that a threat of bodily harm is established the defendant may be found guilty of robbery. If, however, the evidence fails to establish a threat of bodily harm but establishes the taking of the property, the offense of larceny (K.S.A. 21-3701[a]) has been established.

The definition of threat in K.S.A. 1993 Supp. 21-3110(24) uses the phrase "to inflict physical or other harm." Physical is defined as "[r]elating or pertaining to the body, as distinguished from the mind or soul or the emotions." Black's Law Dictionary 1147. If the charge of robbery is based upon the threat of bodily (physical)

harm and there is no evidence of such a threat, the defendant must be found not guilty. In this case, the clerk testified he would not have parted with the money had he been able to determine that the defendant did not have a weapon. According to the clerk, it was the threat of bodily (physical) harm that caused him to part with the money. The defendant denied that he threatened the clerk. Therefore, the definitive issue for jury resolution was whether there was a threat of bodily harm. There simply was no evidence of any *other* harm threatened. Under the circumstances, the duty to instruct even as to lesser offenses arises only "to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced." K.S.A. 21-3107(3). There simply was no evidence presented in this case upon which the defendant could be found guilty of the offense of theft by threat. He was either guilty of robbery, or the lesser included offense of larceny (K.S.A. 21-3701[a]), or not guilty.

Theft by threat, or extortion, is not a lesser included offense of robbery under the provisions of K.S.A. 21-3107(2)(a) or (d). Under K.S.A. 21-3107(2)(d), the crime of extortion is not necessarily proved if the crime of robbery is proved. In the classical sense, extortion involves the payment of money in the form of protection money under the threat of damage to property. In such a case the threat of harm is to property, broad enough to cover extortion but certainly not contained within the definition of robbery which requires a threat of bodily harm. While the two crimes share the common element of threat of bodily harm in some but not in all instances, the common-law crime of extortion is different in nature than the common-law crime of robbery as that crime is now defined in K.S.A. 21-3426.

Finally, the Court of Appeals relies upon *State v. Getz*, 250 Kan. 560, 830 P.2d 5 (1992). *Getz* held that theft of lost or mislaid property was a lesser degree of theft notwithstanding the lack of identity of elements because both are forms of larceny. Getz had been convicted of felony theft and argued on appeal that the trial court should have instructed on theft of lost or mislaid property, K.S.A. 21-3703, as a generically included offense. The trial court

refused to give the instruction because theft of lost or mislaid property contained an element not found in theft, namely that the property be lost or mislaid. We concluded: "Theft of lost or mislaid property (K.S.A. 21-3703) and theft (K.S.A. 21-3701) are both forms of the same crime of larceny. The trial court erred in refusing to give a jury instruction on theft of lost or mislaid property." 250 Kan. at 566.

From this conclusion, the Court of Appeals determined that the trial court in this case refused to instruct on theft by threat because it construed K.S.A. 21-3701(c) as inapplicable to a theft from the presence of the victim. However, "[t]he legislature . . . did not so limit the scope of 21-3701(c)." 19 Kan. App. 2d at 59. Therefore, according to the Court of Appeals, because theft by threat may involve a theft from the presence of the person, it remains a lesser included offense of robbery. This reasoning ignores the basic nature of the two offenses. The common element in some instances, as in this case, is the threat of physical harm in the presence of the clerk. We say "some instances" because in extortion the threat may involve a threat to property, which is not robbery. As we noted above, the legislature did not intend to make the distinction between the two offenses the degree of threat. In this case, the prosecutor chose to charge robbery, and there was some evidence that the clerk parted with the money because he thought the defendant had a weapon. It was for the jury to resolve the issue of whether the victim parted with the money because of a threat of bodily harm. Based upon the definition of robbery, the resolution of that issue required the jury to find the defendant guilty if the evidence established beyond a reasonable doubt that the defendant wrongfully obtained the money by threat of bodily harm. If the jury did not find threat of bodily harm, the defendant was not guilty of robbery but perhaps could have been found guilty of larceny. K.S.A. 21-3701(a).

Finally, *Getz* involved two forms of theft that involved crimes against possession. Unlike those two crimes, theft by threat and robbery are crimes against possession and in some instances, involve the common element of a threat to the person. Theft by threat may also involve a threat against property. As noted by

Professor Wilson in a historical context, "[t]heft of property by threat is designed to cover the kinds of extortionate conduct that should be reached by the criminal law." 20 Kan. L. Rev. at 407. It may also be added that robbery is precisely defined as covering "the taking of property from the person or presence of another by force or by *threat of bodily harm* to any person." (Emphasis added.) K.S.A. 21-3426.

The defendant requests in his supplemental brief that in the event we reverse the Court of Appeals, we remand for a determination of his contention that the trial court erroneously defined "threat" in its jury instructions. This issue is not properly before us. The defendant did not cross-petition for review. Therefore, the only issues properly before this court are those in the petition for review or cross-petition for review. Supreme Court Rule 8.03(g)(1) (1993 Kan. Ct. R. Annot. 44). Even if this issue were properly before us, the record presently is not adequate to permit review. The Court of Appeals did not address the issue because the defendant did not include the jury instructions in the record on appeal. Although the defendant moved to add the instructions, and we granted that motion, the instructions have not been made a part of the record on appeal.

Judgment of the Court of Appeals is reversed. Judgment of the district court is affirmed.