No. 69,573

STATE OF KANSAS, *Appellee*, v. BILLY DEAN RADER, *Appellant.*

(885 P.2d 1222)

Review of the judgment of the Court of Appeals in an unpublished decision filed April 1, 1994. Opinion filed December 9, 1994.

*Jean R. Gilles Phillips*, assistant appellate defender, argued the cause, and *Steven R. Zinn*, deputy appellate defender, was with her on the brief for appellant.

*W. Scott Toth*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The State appeals the judgment of the Court of Appeals reversing defendant's convictions on three counts of robbery and remanding the case for a new trial because the trial court failed to instruct the jury on theft by threat as a lesser included crime of robbery.

On November 3, 10, and 18, 1991, a man entered a Subway sandwich shop in Shawnee, Kansas, wearing coveralls, a big coat,

a pantyhose mask, a cap, and gloves. During each robbery, the man either said or implied that he had a gun and ordered the clerk on duty to give him the money from the cash register. Each clerk that was robbed believed that the man had a gun and feared bodily harm if he did not comply with the man's demands. On each occasion a clerk gave the man money from the cash register.

Because of the number of robberies during the short period of time, the police set up surveillance of the store. On November 22, 1993, the man returned to the store wearing a different coat, but the same coveralls, pantyhose mask, cap, and gloves. The man approached the clerk and said, "[F]ix me up." The police immediately intervened and arrested the man, later identified as Billy Dean Rader. When arrested, Rader had a .22 caliber handgun in a holster underneath his coveralls.

Rader was charged with three counts of robbery. He was not charged with the November 22, 1993, attempted robbery. A jury convicted Rader on all three counts. The trial court sentenced Rader to consecutive terms of 3 to 10 years for the November 3 robbery; 3 to 12 years for the November 10 robbery, and 4 to 15 years for the November 18 robbery. The trial court later modified Rader's sentences and ordered counts one and two to run concurrently, resulting in a controlling sentence of 7 to 27 years. Rader appealed, claiming that there was insufficient evidence that he threatened bodily harm to support a conviction on count two and that the trial court erred when it failed to instruct the jury as to lesser included offenses of robbery, in admitting into evidence the gun found on Rader's person at the time of his arrest, and in imposing a sentence of 7 to 27 years.

In an unpublished opinion filed April 1, 1994, the Court of Appeals concluded there was sufficient evidence to support the conviction on count two, the trial court did not err in failing to instruct the jury as to simple theft on count two, and the trial court did not err in admitting into evidence the gun found on Rader's person. Based on *State v. Blockman*, 19 Kan. App. 2d 56, 58, 863 P.2d 372 (1993), the Court of Appeals concluded theft by threat was a lesser degree of robbery and therefore a "lesser included offense" as defined by K.S.A. 21-3107(2)(a). Applying

the rationale of *Blockman* to the present action, it found that the district court had an affirmative duty to instruct the jury as to the crime of theft by threat on all three counts charging robbery. The Court of Appeals reversed Rader's convictions and remanded his case for a new trial. It did not address Rader's claimed sentencing errors. This court granted the State's petition for review only as to the issue of "[w]hether the Court of Appeals misinterpreted *State v. Blockman* by holding that theft by threat is an included crime of robbery."

K.S.A. 21-3107(3) provides:

"In cases where the crime charged may include some lesser crime, it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced."

K.S.A. 21-3107(2) sets forth the circumstances under which a crime may be a lesser included offense:

"An included crime may be any of the following: (a) A lesser degree of the same crime; (b) an attempt to commit the crime charged; (c) an attempt to commit a lesser degree of the crime charged; or (d) a crime necessarily proved if the crime charged were proved."

The trial court has an affirmative duty to instruct the jury on an appropriate lesser included offense regardless of whether the defendant requested the instruction. *State v. Bowman*, 252 Kan. 883, Syl. ¶ 8, 850 P.2d 236 (1993). That duty does not arise unless there is evidence supporting the lesser offense. *State v. Patterson*, 243 Kan. 262, 267, 755 P.2d 551 (1988).

Is theft by threat a lesser included offense of robbery? The answer to that question has recently been determined by this court in its review of the *Blockman* decision. See 255 Kan. 953, 881 P.2d 561 (1994). In *Blockman*, Brian Blockman went into a convenience store and handed the clerk a note which said, "Give me the money." After giving the clerk the note, Blockman orally repeated his demand for money. Although Blockman made no explicit threats of physical harm, he kept his right hand in his pocket while demanding the money. The clerk placed money from the register in a paper bag and gave it to Blockman. At Blockman's trial the clerk testified that he would not have given Blockman

the money had he known that Blockman was not armed. Blockman admitted giving the note to the clerk but denied making any threats. Blockman claimed that he kept his hand in his pocket because he was nervous. Blockman was convicted of robbery.

Blockman appealed his conviction, claiming that the trial court erred by refusing to instruct the jury on the crime of theft by threat, K.S.A. 21-3107(2)(c), as a lesser included offense of robbery. The Court of Appeals noted that, just as with theft under 21-3107(2)(a), the gravamen of theft by threat is the unlawful taking of the property of another. It concluded that for purposes of 21-3107(2)(a), theft by threat is an included crime of robbery as a lesser degree of the same crime. It held that the trial court erred by refusing to grant Blockman's request for an instruction on theft by threat, reversed Blockman's conviction, and remanded his case for a new trial.

Subsequent to the filing of the Court of Appeals' opinion in this case, this court, on a petition for review, reversed *State v. Blockman.* This court acknowledged that common-law larceny is a lesser degree of the crime which embraced robbery as codified in K.S.A. 21-3426, but distinguished the crime of theft by threat, noting that there are some basic differences between larceny, K.S.A. 21-3701(a), and theft by threat, K.S.A. 21-3701(c). The *Blockman* court pointed out that unlike larceny, theft by threat is not only a crime against possession, but also is a crime against the person. Unlike larceny, there can be a robbery without a theft by threat. After examining the crime of theft by threat in its historical context, the *Blockman* court held: "Theft by threat, or extortion, is not a lesser included offense of robbery under the provisions of K.S.A. 21-3107(2)(a) or (d)." 255 Kan. at 961.

Two of the cases discussed in *Blockman* are *State v. Russell,* 217 Kan. 481, 536 P.2d 1392 (1975), and *State v. Long,* 234 Kan. 580, 675 P.2d 832 (1984). In *Russell,* the defendant and two friends went to the debtor's house and by threat of force had the debtor write a check to collect a disputed debt. To keep the debtor from canceling the check, they cut the debtor's phone lines, then rushed to the bank and cashed the check. Russell was charged with and convicted of theft by threat. K.S.A. 21-3701(c).

On appeal, Russell argued that he could lawfully use the threat of force to collect a legal debt. The *Russell* court found that the taking of money from another by the threat of force, even for the purpose of applying it to the payment of a debt honestly believed due, violated public policy. It then noted that robbery and theft are kindred crimes and the elements constituting theft are necessarily included in robbery. The *Russell* court observed that the evidence could have justified a finding of the offense of robbery had Russell been so charged. It concluded that since the evidence was sufficient to support a conviction of the graver offense (robbery), it was certainly sufficient to support a conviction of theft.

In *Long*, a woman, who sold milk at a dairy, entered the sale building where the defendant was crouched in front of the money box. The woman noticed that the money box had been pried open and that the money was gone. The defendant ducked under her arm and fled. The defendant was charged with robbery. Long testified at trial that he had gone to the dairy to purchase milk and, while waiting for the clerk to return, he noticed that the money box had been pried open and that there was no money in the box. He contended that when the sales lady became outraged, he ducked under her arm and fled. Long was convicted of robbery. The Court of Appeals reversed the conviction for robbery and ordered that Long be discharged. It held that the force used by Long in leaving the premises was not sufficient to constitute a taking by force for a conviction of robbery and that theft was not a lesser included offense of robbery. See 8 Kan. App. 2d 733, 667 P.2d 890 (1983). The State's petition for review was granted.

The *Long* court noted that K.S.A. 21-3701(a) defined theft as the obtaining or exerting of unauthorized control over property with intent to deprive the owner permanently of the possession, use, or benefit of the property. It observed that intent to permanently deprive was an element of theft under the statute; however, the robbery statute no longer contained the element of intent to permanently deprive. Robbery only required the intentional taking of property from the person or presence of an-

other by force or threat of bodily harm. The *Long* court pointed out that robbery and theft contain separate and distinct elements and noted that theft could not accurately be termed a "lesser included" offense of robbery under the test stated by this court. It observed that theft is a specific crime; robbery is not. It noted, however, that theft, or larceny as it was formerly termed, did constitute a lesser included offense of robbery as defined under the former robbery statutes because the intent to permanently deprive was required to prove both offenses. It observed that *State v. Thompson*, 221 Kan. 165, 558 P.2d 1079 (1976), recognized that the present criminal code broadened the statutory crime of robbery by eliminating the requirement of a specific intent to permanently deprive the owner of the property. Even though the criminal code broadened the crime of robbery, this court continued to hold theft to be a lesser included offense of robbery under the current criminal code by relying on cases decided prior to the change in the criminal code.

The *Long* court then noted that the Court of Appeals, when deciding *Long*, had declined to follow this court's holding that theft is an included offense of robbery. It had reached that conclusion because those decisions were based upon prior cases predating the 1969 enactment of 21-3426 which eliminated the intent to permanently deprive as an element of robbery. 234 Kan. at 589-90; see 8 Kan. App. 2d at 736. The *Long* court concluded that it was doubtful that by eliminating as an element of robbery "the intent to permanently deprive," the legislature intended to separate the crimes of theft and robbery into two distinct unrelated offenses. Based on this analysis, the *Long* court held that for the purposes of K.S.A. 21-3107(2)(a), theft is a "lesser degree of the same crime" which embraces robbery. 234 Kan. at 591-92.

A classic example of theft by threat or extortion is found in *State v. Rose*, 118 Kan. 583, 235 Pac. 868 (1925), in which this court affirmed a conviction for extortion under R.S. 1923 21-529, the predecessor of K.S.A. 21-529 (Corrick), which later was incorporated into 21-3701(c). In *Rose*, the defendant (Rose) extorted $500 from the victim by accusing the victim of violating

the prohibitory liquor law. Rose and an associate, who posed as a federal officer, threatened the victim with arrest if he did not pay the defendant $500. To keep from being arrested, the victim paid Rose the $500.

In *Blockman*, this court noted that K.S.A. 21-3107(c), theft by threat, is the codification of the common-law crime of extortion. The *Blockman* court acknowledged that the crimes of extortion and robbery were not only crimes against possession but also crimes against the person, and in that respect shared a common element of threat. It observed that in defining the crimes of robbery and extortion the legislature did not intend that consideration be given to the degree of the threat in distinguishing between the two crimes. In other words, the question is not whether the threat was major or minor, with the former being robbery and the latter being theft by threat. Instead, the legislature defined the two crimes in their historical context, giving broad meaning to the term threat as it relates to extortion and a narrow definition to the term as it relates to robbery.

After an extensive review of certain statutes, the *Blockman* court concluded that theft by threat, or extortion, is not a lesser included offense of robbery under the provisions of K.S.A. 21-3107(2)(a) or (d). It noted that under K.S.A. 21-3107(2)(d), the crime of extortion is not necessarily proved if the crime of robbery is proved. In the classical sense, extortion involves the payment of money in the form of protection money under the threat of damage to property. In such a case the threat of harm is to property, broad enough to cover extortion but certainly not contained within the definition of robbery, which requires a threat of bodily harm. It recognized that the two crimes share the common element of threat of bodily harm in some, but not in all, instances and concluded that the common-law crime of extortion is different in nature than the common-law crime of robbery as that crime is now defined in K.S.A. 21-3426.

Based on the rationale of *Blockman*, the trial court did not err in failing to instruct the jury as to the offense of theft by threat. As in *Blockman*, there is evidence that Rader implied to the clerks that he had a gun and threatened the employees with bodily harm

if they would not give him the money from the cash register. Because theft by threat, or extortion, is not a lesser degree of the same crime, K.S.A. 21-3107(2)(a), or a crime necessarily proved if the crime charged were proved, K.S.A. 21-3107(2)(d), the trial court did not err in failing to instruct the jury on the lesser included crime of theft by threat.

The judgment of the Court of Appeals is reversed. The judgment of the district court is affirmed. The case is remanded to the Court of Appeals to determine the remaining sentencing issue.