No. 70,621

STATE OF KANSAS, *Appellee*, v. ANTHONY HEGWOOD, *Appellant*.

(888 P.2d 856)

Opinion filed January 27, 1995.

*J. Patrick Lawless, Jr.*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Jerome A. Gorman*, assistant district attorney, argued the cause, and *Nick A. Tomasic*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Anthony Hegwood appeals his jury trial convictions of five counts of aggravated robbery (K.S.A. 21-3427).

The crimes were committed in the time period of September 15 through 27, 1992, and involved five business establishments

located in Wyandotte County. Additional facts will be set forth as necessary for the discussion of particular issues.

## REFUSAL TO REMOVE DEFENSE COUNSEL

The jury herein was selected on Tuesday, January 19, 1993, and the trial was recessed until Thursday, January 21, 1993.

In the record, the following colloquy occurs immediately after the trial is recessed. From its content, it appears the colloquy occurred on Thursday morning, immediately before trial. There is also an indication that the portion occurring before defendant left to change clothes may have taken place on the intervening Wednesday. For our purposes the exact time sequence is of no importance. The colloquy is as follows:

"THE COURT: Mr. Hegwood, what's the problem?

"DEFENDANT: I filed a motion in November to get a new attorney and nothing was done. I'm filing another motion to have my attorney withdrawn from my case.

"THE COURT: Do you have another attorney ready to take over your trial?

"DEFENDANT: No, I don't.

"THE COURT: Do you have the funds to hire one?

"DEFENDANT: No.

"THE COURT: Why do you want another attorney?

"DEFENDANT: Mr. Sedgwick failed to show he can represent me to the best of my interests.

"THE COURT: What does it take to represent you in the best of your interests?

"DEFENDANT: Someone who reads the material and doesn't have to ask me what's really going on.

"THE COURT: Anything else you want to tell me?

"DEFENDANT: There's a whole lot of stuff I can say, but I don't want to say anything at the present time.

"THE COURT: Why do you have jail clothes on?

"DEFENDANT: I refused to change.

"THE COURT: Do you want to wear those today?

"DEFENDANT: I don't want to be in this courtroom. I filed a motion for a continuance. I want another attorney.

"THE COURT: Hegwood, do you hear me?

"DEFENDANT: Yes.

"THE COURT: Do you want to wear those clothes in front of the jury?

"DEFENDANT: No.

"THE COURT: Do you have the money to hire an attorney of your own free will and choosing?

"DEFENDANT: No, I don't.

"THE COURT: I know of no reason based on the case law or statutory law at this time to replace your court appointed attorney, Mr. Hegwood."

The court then afforded defendant the opportunity to change clothes and advised him that if he did not do so, he would appear in his jail clothing before the jury. Defendant left the courtroom, ostensibly to change clothes. Defendant then reappeared and the following colloquy occurred:

"THE COURT: What's the problem?

"DEFENDANT: I don't want to come back up.

"THE COURT: Once the jury is picked and you decide to remove yourself from the trial, the trial will go on. Do you understand that?

"DEFENDANT: I hear you.

"THE COURT: You don't want to be here for the remainder of this trial?

"DEFENDANT: This ain't no trial. It's a conviction.

"THE COURT: Answer my question. You don't want to be here for the remainder of your trial?

"DEFENDANT: I'm not saying that. I'm not coming up until I get another attorney. If I'm not satisfied with what I've got—

"THE COURT: That's not the basis of the law. You can hire anybody. You don't have the right to have any attorney appointed for you. I'm going to start this trial at 9:30. That's 16 minutes away. If you're not here, I'll go on without you."

Defendant was not present for the Thursday morning session, but apparently was present for the remainder of his trial.

Generally, the decision on whether an indigent defendant's dissatisfaction with his or her court-appointed counsel warrants appointment of new counsel is left to the discretion of the trial court. *State v. Ferguson*, 254 Kan. 62, 69, 864 P.2d 693 (1993); *State v. Cromwell*, 253 Kan. 495, 499, 856 P.2d 1299 (1993). Judicial discretion is abused when the action taken is arbitrary, fanciful, or unreasonable, or in other words, when no reasonable person would take the position adopted by the trial court. *State v. Redmon*, 255 Kan. 220, Syl. ¶ 4, 873 P.2d 1350 (1994). To warrant substitute counsel, a defendant must show "justifiable dissatisfaction" with appointed counsel. *United States v. Sayers*, 919 F. 2d 1321, 1323 (8th Cir. 1990). Justifiable dissatisfaction sufficient to merit substitution of counsel includes "a conflict of interest, an irreconcilable conflict, or a complete breakdown in commu-

nication between the attorney and the defendant." *Smith v. Lockhart*, 923 F.2d 1314, 1320 (8th Cir. 1991); *State v. Cromwell*, 253 Kan. at 500.

When deciding whether to grant a defendant's motion to substitute counsel, the district court must balance the defendant's right to counsel of his or her choice and the efficient administration of justice. *United States v. Rankin*, 779 F.2d 956, 958 (3d Cir. 1986); *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985).

In support of his request for the appointment of a new attorney, defendant stated his attorney had "failed to show he can represent me to the best of my interests." When asked by the court what he meant by this conclusionary statement, defendant replied, "Someone who reads the material and doesn't have to ask me what's really going on." When further pressed by the court for specifics, the defendant replied, "There's a whole lot of stuff I can say, but I don't want to say anything at the present time." No justifiable dissatisfaction with appointed counsel has been shown herein.

We find no error or abuse of discretion in the trial court's refusal to remove defendant's appointed counsel and appoint a replacement.

## LESSER INCLUDED OFFENSE

For his second issue, defendant contends the trial court erred in not instructing the jury on theft by threat (K.S.A. 21-3701[d]) as a lesser included offense to each of the aggravated robbery charges. This issue has been determined adversely to the defendant in *State v. Blockman*, 255 Kan. 953, 881 P.2d 561 (1994), wherein we held that theft by threat is not a lesser included offense of robbery. The same result was reached in *State v. Rader*, 256 Kan 364, 885 P.2d 1222 (1994). *Blockman* and *Rader* are controlling herein.

## ILLEGAL SENTENCE

For his third issue, defendant contends his controlling sentence, as set forth in the respective journal entries, is greater than that imposed at the time of sentencing. To understand this issue some additional facts need to be stated. In case No. 92 CR 1910A,

defendant was charged with three counts of aggravated robbery. Count 1 occurred September 15, 1992, and counts 2 and 3 occurred on September 27, 1992. In case No. 92 CR 1872B the single count occurred on September 27, 1992. The single count in 92 CR 2194A occurred on September 24, 1992.

At the time of sentencing, the court stated:

"On each of five counts, you are sentenced to the custody of the Secretary of Corrections for a term of not less than 15 years nor more than life. I further find that the counts that were committed the same date are to run concurrent to each other, and I find that the counts which involved separate robberies on separate dates are to run consecutive to each other. What that means is that three cases, which would be 92 CR 1872B, Counts 2 and 3 of 92 CR 1910A to run concurrent to each other, Count 1 of 92 CR 1910A is to run consecutive to that case, and the only count in 92 CR 2194A is to run consecutive to the other two."

The journal entries provide:

### 92 CR 1910A

"The sentence imposed in Count I shall be ordered to run consecutive to the sentences imposed in Counts II and III; consecutive to the sentence imposed in 92 CR 1872A imposed by the District Court of Wyandotte County, Kansas on the 13th day of May, 1993; and consecutive to the sentence imposed in 92 CR 2194A, imposed by the District Court of Wyandotte County, Kansas on the 13th day of May, 1993. The sentences ordered in Counts II and III are ordered to run concurrent with each other. Further, they are ordered to run concurrent with the sentence imposed in 92 CR 1872B, imposed on the 13th day of May, 1993; but consecutive to the sentence imposed in 92 CR 2194A, imposed by the District Court of Wyandotte County, Kansas, on the 13th day of May, 1993.

### 92 CR 1872B

"The sentence imposed in this case is ordered to be served concurrently with the sentences in Counts II and III of case number 92 CR 1910A as imposed by the District Court of Wyandotte County, Kansas on the 13th day of May, 1993. Said sentence is further ordered to run consecutive to the sentences in Count I of case number 92 CR 1910A imposed by the District Court of Wyandotte County, Kansas on May 13, 1993; and case number 92 CR 2194A, imposed by the District Court of Wyandotte County, Kansas on May 13, 1993."

### 92 CR 2194A

"The sentence imposed in this case is ordered to be served consecutively to the sentence imposed in case number 92 CR 1872B imposed by the district Court of Wyandotte County, Kansas, on the 13th day of May, 1993 and in case number 92 CR 1910A imposed by the District Court of Wyandotte County, Kansas on the 13th day of May, 1993."

Defendant correctly states that the controlling sentence pronounced at the sentencing was 45 years to life (three consecutive 15-to-life sentences) while the journal entries give a controlling sentence of 60 years to life (four consecutive 15-to-life sentences). The State argues that the court's pronouncement at sentencing shows it intended to impose four consecutive 15-to-life sentences.

In *State v. Royse*, 252 Kan. 394, 845 P.2d 44 (1993), we held:

"Ordinarily, in a legal sense, 'sentence' is synonymous with 'judgment' and denotes the action of a court of criminal jurisdiction formally declaring to the defendant the legal consequences of the guilt to which he has confessed or of which he has been convicted." Syl. ¶ 1.

"The judgment in a criminal case, whether it imposes confinement, imposes a fine, grants probation, suspends the imposition of sentence, or imposes any combination of those alternatives, is effective upon its pronouncement from the bench." Syl. ¶ 2.

"The court's judgment and sentence in a criminal case do not derive their effectiveness from the journal entry, or from any act of the clerk; they are effective when announced." Syl. ¶ 3.

"Once a sentence is imposed, the district court is powerless to vacate that sentence and impose a harsher sentence." Syl. ¶ 4.

Clearly, the court pronounced a sentence that gives a controlling 45-year-to-life sentence. What the court may or may not have intended is irrelevant. The sentences as pronounced were effective upon their pronouncement and control over the journal entries herein. A journal entry which imposes a sentence at variance with that pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed. The case must, therefore, be remanded to the district court for journal entry correction to conform to the sentences pronounced.

## EXCESSIVE SENTENCE

As previously noted, defendant was convicted of five counts of aggravated robbery for which he received a 15-to-life sentence on each with three sentences to run consecutively. The controlling term was 45 years. Codefendant Alan Oliver was charged and convicted of three of the five aggravated robbery counts. Oliver was sentenced by a different judge and received three 10- to 20-year sentences, run consecutively, for a controlling term of 30 years.

For his final issue, defendant contends the district court abused its discretion in sentencing him to a longer sentence than his codefendant without articulating sufficient reasons for the discrepancy.

The discretion in imposing sentences which is lodged with a court is not a boundless, but a judicial discretion. It is a discretion limited to sound judgment to be exercised, not arbitrarily, but with regard to what is right and equitable under the circumstances. *State v. Goering*, 225 Kan. 755, Syl. ¶ 9, 594 P.2d 194 (1979).

A sentence imposed will not be disturbed on appeal on the ground it is excessive, provided it is within the statutory limits and within the realm of the trial court's discretion and not the result of partiality, prejudice, oppression, or corrupt motive. *State v. Evans*, 251 Kan. 132, 141-42, 834 P.2d 335 (1992); *State v. Mayberry*, 248 Kan. 369, Syl. ¶ 16, 807 P.2d 86 (1991); *State v. Nunn*, 247 Kan. 576, Syl. ¶ 1, 802 P.2d 547 (1990).

In *State v. Smith*, 254 Kan. 144, 864 P.2d 709 (1993), a similar issue was raised as to disparity of sentencing as between codefendants. We held:

"Generally, disparity in the sentences of codefendants does not amount to abuse of discretion where the trial court considers the individual characteristics of the defendant being sentenced, the harm caused by that defendant, and the prior criminal conduct of that defendant." Syl. ¶ 4.

"A trial judge is not bound to sentence a defendant to a term equal to or shorter than the sentence given his or her codefendant. When a defendant receives a longer sentence than his or her codefendant, and reasons therefor appear in the record, the sentence imposed will be tested on appeal against a standard of abuse of discretion." Syl. ¶ 5.

In sentencing the defendant herein, the court stated:

"Mr. Hegwood, I have looked at the statutes that I am required to look at in determining what the sentence is. I have gone over each of the factors. There were a lot of comments made by the State that I don't want to restate, but I want you to know that, you know, I have looked at these cases completely. It was mentioned that these sentences should be consistent, that the sentence with the co-defendant should be consistent. I know what the co-defendant got. I don't know who did the sentencing in that case. I don't know how much that Judge took into consideration, but I feel like I am really educated as to what your cases are about. I say this from the fact that I conducted the preliminary hearing

in your case. I conducted the jury trial in your case. I heard the comments at the motion for new trial. I ordered the P.S.I. I have gone over it, gone over the facts of the case. I think the sentence should be consistent, but I think each sentence should be applicable to the case before the Court, so in giving your sentence and in determining what it should be, those are the things I looked at."

The court then went carefully through the statutory considerations set forth in K.S.A. 21-4601 and K.S.A. 21-4606 and applied them. As previously stated, defendant was being sentenced on five aggravated robberies as opposed to Oliver's three aggravated robberies. We find no abuse of discretion in the sentencing herein.

The judgment is affirmed, with the case being remanded for journal entry correction consistent with this opinion.