34

(882 P.2d 1004)
No. 69,574

STATE OF KANSAS, *Appellee*, v. DENNIS R. MARBLEY; *Appellant*.

Opinion filed October 21, 1994.

*Reid T. Nelson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Rebecca D. Brock*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., LEWIS and GREEN, JJ.

BRISCOE, C.J.: Dennis Marbley appeals his convictions of robbery (K.S.A. 21-3426) and attempting to elude a police officer (K.S.A. 8-1568). He argues the trial court erred in allowing the State to use a peremptory challenge to strike the only black juror on the panel, and that the court erred in failing to instruct on the lesser included offense of theft by threat.

Marbley entered an Amoco station in Overland Park at approximately 1:20 a.m. on November 5, 1991, and purchased some cigarettes. When the clerk reached under the counter to get a roll of quarters, Marbley took money from the cash drawer. Marbley had his right hand in his pocket during the entire incident, and the clerk thought he was holding a gun in his pocket. In response to Marbley's questioning, the clerk told Marbley there was no other money in the store. Marbley fled in his car and was apprehended after a car chase. No weapon was found. Marbley was charged with aggravated robbery and attempting to elude a police officer.

During voir dire, the prosecutor asked if anyone on the panel had any reason to believe his or her ability to be fair might be affected. The only black juror on the panel stated she was aware of the racial issues dealing with crime victims locally and nationally. She stated she was a social worker for the public schools and would feel some affiliation toward Marbley because they were both of the same race. However, she stated she could be fair. When questioned by defense counsel, the black juror indicated she was aware more black males are arrested for crimes, but that such knowledge would not affect her ability to hear the case and she would look at the facts presented.

The prosecutor attempted to peremptorily strike the black juror, stating:

"First of all, irregardless of her race, she is a social worker. Prior to knowing that, it was my—at least that raises a question in my mind in that social workers tend to be—at least our perception is that they tend to be persons who are involved in empathetic positions and that they naturally will tend to identify with a criminal suspect. That would be at least one reason.

"Also, I think she was very candid in her answers indicating that she would have a tendency to identify with the defendant because of his race and her race. She did say that she would try to set that aside, but I think she was candid in saying that that would be a natural tendency that she would have.

"Thirdly, she indicated on the situation as far as being aware of certain statistics that more black men are brought up for charges and more black men are arrested. What I hear in that statement is an idea that perhaps black men are being picked on by the system. She didn't say more black men commit crimes; she said more black men are charged with crimes. I believe while it may not have been enough to strike her for cause, because she said, 'I'll try to

set those things aside,' I think it certainly provides an adequate basis for a peremptory strike."

Defense counsel objected, stating the reasons articulated by the prosecutor were not race neutral. The trial court allowed the black juror to be struck. Marbley moved for a mistrial, which was denied.

On appeal, Marbley argues the trial court erred in allowing the State to peremptorily strike the only black juror on the panel, arguing the reasons were not race neutral.

"In *Batson v. Kentucky*, 476 U.S. 79, 89, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986), the United States Supreme Court held that the striking of black venire members based on racial grounds or the belief that black jurors will be sympathetic to a defendant of their own race violates the Equal Protection Clause of the United States Constitution." *State v. Sledd*, 250 Kan. 15, 19, 825 P.2d 114, *cert. denied* 121 L. Ed. 2d 98 (1992).

In order to question the State's use of peremptory challenges, a defendant must make a prima facie showing of purposeful discrimination. The defendant is entitled to rely on the fact that peremptory challenges permit those who wish to discriminate to do so and must show that these facts and any other relevant circumstances raise an inference that the prosecutor used the practice to eliminate prospective jurors because of their race. *Sledd*, 250 Kan. 15, Syl. ¶ 1.

Once a defendant has made a prima facie showing of purposeful discrimination, the burden shifts to the State to come forward with a race-neutral explanation for the challenge. The explanation need not rise to the level of justifying an exercise of a challenge for cause, but the prosecutor may not rebut the prima facie case by stating the juror was challenged on the *assumption* the juror would be partial to the defendant because of shared race. *Smith v. Deppish*, 248 Kan. 217, 227, 807 P.2d 144 (1991).

"Appellate review of a trial court's determination relative to whether or not the prima facie showing required by *Batson v. Kentucky*, 476 U.S. 79, 96, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986), has been made is plenary as it involves a question of legal sufficiency. In contrast, appellate review of a trial court's acceptance of the State's announced reasons for removal of a juror as being racially neutral is on the basis of abuse of discretion." *Sledd*, 250 Kan. 15, Syl. ¶ 2.

Judicial discretion is abused when no reasonable person would take the view adopted by the trial court. *Smith*, 248 Kan. 217, Syl. ¶ 2.

Here, the prosecutor offered three reasons to strike the black juror. One of those reasons, that she was a social worker, is race neutral on its face. The other reasons take race into account and might run afoul of *Batson v. Kentucky*, 476 U.S. 79, 96, 90 L. Ed. 2d 69, 106 S. Ct. 1712 (1986). Marbley alleges that since the trial court did not state which reason it relied on in denying Marbley's motion for a mistrial, the case must be reversed unless all of the reasons were race neutral.

Marbley cites *People v. Fuentes*, 54 Cal. 3d 707, 286 Cal. Rptr. 792, 818 P.2d 75 (1991), in support of his argument. A close reading of *Fuentes*, however, reveals that it stands for the proposition that the court must make sure every peremptory challenge is justified by a race-neutral reason rather than that every reason put forth must be race neutral.

In *Vann v. State*, 788 S.W.2d 899, 905 (Tex. App. 1990), the court found that when a prosecutor gives more than one reason for exercising a peremptory strike, the trial court must review every reason for the strike. In *Whitsey v. State*, 796 S.W.2d 707, 713 (Tex. Crim. 1989), which was cited in *Vann*, the court held that every reason given for a peremptory strike should be examined in order to determine whether the race-neutral reason is in fact a pretext for discrimination. This reasoning appears to be sound. Not only must a race-neutral reason exist for the strike, but the race-neutral reason must be the basis of the strike rather than a pretext for discrimination. Therefore, each of the reasons for striking the black juror must be examined.

The State argued at trial that the black juror was struck not only for being a social worker, but also because of her statement that she would feel some affinity for Marbley since both she and Marbley were black. Marbley argues this is not a race-neutral reason. According to Marbley, feeling some affiliation toward a person is not the same as being partial or biased in favor of that person, and it would be difficult to imagine a person who did not

feel some kind of affiliation toward a person of the same race. The State argues the black juror's statement that she would feel some affiliation for Marbley, although not rising to the level of bias necessary to sustain a challenge for cause, did indicate bias to the extent necessary to justify a peremptory strike.

*Batson* prohibits the prosecution from rebutting the defense's prima facie case by stating jurors of the same race as the defendant are challenged on the *assumption or the intuitive judgment* that they would be partial because of shared race. 476 U.S. at 97. However, this leads to the conclusion that the prosecution could strike a juror who *stated* he or she would be partial to the defendant because of shared race. The racial aspect of the prosecution's reason would be outweighed by the race-neutral aspect of the juror's bias. A reason may still be race neutral even though it results in adverse effects upon an identifiable group, unless a discriminatory intent is inherent in the prosecutor's explanation. *Hernandez v. New York*, 500 U.S. 352, 359-60, 114 L. Ed. 2d 395, 111 S. Ct. 1859 (1991).

The question is whether the black juror's statement that she would feel some affiliation with Marbley because of their race indicates sufficient bias to serve as a reason for a peremptory strike. Such a reason need not rise to the level of that necessary to justify a strike for cause, but obviously must be more than a "surrogate" for race discrimination. See *Hernandez*, 500 U.S. at 362-63. Marbley argues any black juror would necessarily feel an affiliation toward a black defendant and that an affiliation does not necessarily indicate bias. He contends the very idea of a jury is that it be composed of a defendant's peers who have some affiliation with the defendant. As the court in *Hernandez* noted, the critical element in this examination is whether the prosecutor's strike had a discriminatory intent. 500 U.S. at 360. The trier of fact who heard the witnesses and observed their demeanor has a better opportunity than a reviewing court to determine whether such intent exists. 500 U.S. at 365.

Although allowing a peremptory strike based on a juror's stated feeling of affiliation toward the defendant will have a disproportionate impact that is racially related, it does not necessarily follow

that every black juror will automatically feel an affiliation for a black defendant based on race. Some black jurors may in fact have hostile feelings toward a black defendant. The prosecutor's peremptory strike of this juror was based upon the juror's statement that she would feel some affinity for Marbley. This statement is an indication of bias sufficient to justify a peremptory strike. Therefore, in the absence of any inherent discriminatory intent, the prosecutor's reason for striking this juror is race neutral.

The State also claims it struck the black juror because she stated she was aware of statistics indicating more black men than white men were arrested. Although this reason deals tangentially with race, it does not deal with the race of the juror and is race neutral.

Based on our standard of review, the trial court's determination that the State's reasons for using its peremptory challenges to strike the black juror were race neutral is not a determination with which no reasonable person would agree. The trial court did not abuse its discretion.

Marbley also contends the trial court erred in failing to instruct the jury on theft by threat as a lesser included offense of aggravated robbery. A trial court has the affirmative duty to instruct the jury on lesser included offenses of which the accused might be found guilty under the information or indictment and upon the evidence adduced. This duty exists regardless of whether the accused requested the instruction. *State v. Bowman*, 252 Kan. 883, 892, 850 P.2d 236 (1993).

Our Supreme Court's recent ruling in *State v. Blockman*, 255 Kan. 953, 880 P.2d 561 (1994), resolves this issue. In *Blockman*, the court addressed whether the trial court erred in failing to grant the defendant's request for an instruction on theft by threat where the defendant was charged with robbery. After an analysis of the historical context of robbery and theft by threat, the court held theft by threat, or extortion, is not a lesser included offense of robbery under the provisions of K.S.A. 21-3107(2)(a) or (d).

Affirmed.